477 A.2d 868

**Robert L. GRAY, Jr., Administrator of the Estate of Robert J. Gray, III**

v.

**STATE FARM INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued April 10, 1984.

Filed June 1, 1984.

Frank M. Gianola, Pittsburgh, for appellant.
Sanford M. Aderson, Pittsburgh, for appellee.

Before ROWLEY, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the Order of the Court of Common Pleas of Allegheny County granting "partial summary judgment" in favor of the plaintiff-Robert L. Gray, Jr., and against the defendant-State Farm Mutual Automobile Company. We quash.

On February 10, 1982, the plaintiff, as the administrator of the estate of Robert J. Gray, III, filed a complaint in assumpsit seeking, pursuant to the decedent's policy of insurance with the defendant, "work loss benefits in the amount of $15,000.00" and "survivor's loss benefits in the amount of $5,000.00."

In answer, the defendant averred in "New Matter" that the plaintiff was not entitled to work loss benefits or survivor's benefits under Pennsylvania's No-Fault Motor Vehicle Insurance Act (40 Pa.S.A. § 1009.101 *et seq.*) on the grounds that, *inter alia:*

1. ... Plaintiff is not a spouse of the deceased insured and/or relative dependant [sic] upon the deceased insured for support at the time of death.

2. Neither the No-Fault Act nor the case law propogated thereunder, provides that the estate of a deceased insured is entitled to work loss. benefits or survivors [sic] loss benefits.

\* \* \* \* \* \*

10. Plaintiff is not entitled to recover attorneys [sic] fees incurred in obtaining any benefits which ultimately may be paid by defendant, since defendant's withholding of said benefits was made in good faith for reasonable cause.

Further, as to the extent that the Supreme Court's ruling in *Heffner v. Allstate*, 491 Pa. 447, 421 A.2d 629 (1980), might warrant a different result, the defendant urged that retroactive application of *Heffner* would be unconstitutional and violative of equitable principles.

In "Answer To New Matter," the plaintiff alleged that he was entitled to the benefits sought under the case law of

Pennsylvania, e.g., *Heffner v. Allstate, supra,* and for complying with the requirements of the decedent's policy of insurance in the securement of the benefits.

Thereafter, the plaintiff filed a motion for summary judgment claiming, in relevant part, that:

4. Defendant, by way of Answer, has denied liability for the following reasons:

a. the Estate is not entitled to work loss benefits because there is no showing of dependency on the deceased;

\* \* \* \* \* \*

d. the claim for survivor's loss benefits is defective because Plaintiff is not a survivor within the meaning of the No-Fault Act and must be dependent.

\* \* \* \* \* \*

11. *Freeze v. Donagel [sic] Mutual Insurance Company,* [301 Pa.Super. 344,] 447 A.2d 999 Superior Ct. (1982) confirmed what had been stated in *Heffner v. All State [sic] Insurance Company,* [*supra* ] to-wit, that the Estate may properly recover work loss benefits without the requirement that the Estate be dependent upon the deceased for support at the time of his death.[1]

12. In *Chesler v. Government Employee's [sic] Insurance Company,* [302 Pa.Super. 356,] 448 A.2d 1080 (1982), the Superior Court of Pennsylvania held that an Estate may collect survivor's loss benefits under the No-Fault Act without a showing that the Estate was dependent upon the deceased for support at the time of his death.[2]

13. More than thirty (30) days have elapsed since the claim for benefits was submitted, and accordingly, the

---

**1.** This position was affirmed in *Freeze v. Donegal Mutual Insurance Co.,* 504 Pa. 218, 470 A.2d 958 (1983).

**2.** This position was reversed in *Chesler v. Government Employees Insurance Co.,* 503 Pa. 292, 469 A.2d 560 (1983). *See also* Order dated May 8, 1984, amending the judgment entered in *Chesler v. Government Employees Insurance Co., supra,* to allow Chesler to recoup work loss benefits. *Chesler v. Government Employees Insurance Co.,* 504 Pa. 426, 475 A.2d 102.

benefits are overdue as defined in § 106(a) of the said Act.

14. Interest at the rate of eighteen (18%) percent per annum is due Plaintiff.

15. Denial of Plaintiff's claim is without reasonable foundation and accordingly, Plaintiff is entitled to reasonable attorney's fees.

16. No genuine issue of fact exists in the within matter.

WHEREFORE, Plaintiff requests this Honorable Court enter an Order for Summary Judgment in favor of Plaintiff and against Defendant awarding Plaintiff the sum of $15,000.00 for work loss benefits, $5,000.00 for survivor's loss benefits, reasonable attorney's fees and interest at the rate of eighteen (18%) percent per annum from the date of the original claim.

In its brief in response to the plaintiff's motion, the defendant was still of the mind that the Supreme Court's decision in *Heffner* did not authorize the recoupment of benefits, be they work loss or survivor's, absent a showing that the claimant was a "survivor" and "dependent" upon the decedent within the meaning of the No-Fault Act.

On the question of attorney's fees, the defendant submitted that such an award would be inappropriate since, as noted under the No-Fault Act at Section 107(3) and by the high Court in *Hayes v. Erie Insurance Exchange*, 493 Pa. 150, 425 A.2d 419 (1981), the novelty of the matter at issue and its "current pendency" before the Supreme Court discounted the likelihood that the benefits were being denied "without reasonable foundation."

In an Opinion and Order dated August 17, 1983, the lower court granted the plaintiff "partial summary judgment," i.e., the court awarded the plaintiff the sum of $20,000.00 ($15,000.00 in work loss benefits and $5,000.00 in survivor's benefits) and interest at the rate of eighteen (18%) percent per annum. However, albeit the plaintiff was granted the right to reasonable counsel fees, the court ordered that a hearing be held because "the exact amount of interest and counsel fees c[ould] not be ascertained on the basis of the

record before [the court.]" An appeal to this Court followed in which the defendant questioned every aspect of the Order.

However, prior to the scheduled date for argument, the defendant's counsel filed with the Prothonotary of Superior Court a Petition to Discontinue the appeal pursuant to Pa.R.App.P.1973. He did so on the ground that, *inter alia*, between counsel for both sides "an amicable resolution of the issues presented on Appeal ha[d] been obtained and the parties wish[ed] to settle and discontinue the ... Appeal." This was contested by counsel for the plaintiff, who, in a responsive petition filed April 4, 1984, admitted that the parties had resolved the question concerning benefits, but that "[t]he issue of entitlement to attorneys [sic] fees, however, remains the subject of dispute between the parties." Thus, he importunes this Court to carry on the appellate process and review the lower court's determination that his client is *entitled* to counsel fees, notwithstanding the fact that the exact amount has yet to be calculated. We decline the plaintiff's offer and do so for the same reason that he proffers in his appellate brief, i.e., the partial summary judgment is interlocutory in nature. *See Williams v. Erie Insurance Exchange*, 290 Pa.Super. 279, 434 A.2d 752 (1981).

Further, given the record before this Court, we find it unnecessary to decide if an *appellant's* request for a discontinuance pursuant to Rule 1973 can be stymied by an appellee who argues that all issues raised on appeal have not been resolved to his satisfaction. Again, the reason turns upon our conclusion that the Order appealed is interlocutory.

■ Under 42 Pa.C.S.A. § 742 this Court is granted "exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas ...." This has been interpreted to mean, although not literally, *Foulke v. Lavelle*, 308 Pa.Super. 131, 135–136, 454 A.2d 56, 58 (1982), that the order either ends the litigation or disposes of the entire case. *Gerber v. Weinstock*, 308 Pa.Super. 11, 13–14, 453

A.2d 1043, 1044 (1982). In other words, we look to "a practical rather than technical construction" of an order. In *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978), our Supreme Court, quoting *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), wrote:

> In *Cohen*, the Supreme Court of the United States carved out an exception to the final judgment rule for situations where postponement of appeal until after final judgment might result in irreparable loss of the right asserted. Under *Cohen*, an order is considered final and appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. *Id.* at 546, 69 S.Ct. at 1226, 93 L.Ed. at 1536.

> We applied *Cohen* in *Bell v. Beneficial Consumer Discount Company*, 465 Pa. 225, 228, 348 A.2d 734, 735 (1975), where we said: "Whether an order is final and appealable cannot necessarily be ascertained from the face of a decree alone, nor simply from the technical effect of the adjudication. The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications." We have also said that if the practical consequence of the order by the trial court is effectively to put an appellant "out of court" the order will be treated as final. *Ventura v. Skylark Motel, Inc.*, 431 Pa. 459, 463, 246 A.2d 353, 355 (1968). Similarly, an order is "final" if it precludes a party from presenting the merits of his claim to the lower court. *Marino Estate*, 440 Pa. 492, 494, 269 A.2d 645, 646 (1970).

*Id.* 483 Pa. at 73, 394 A.2d at 545.

Instantly, under *Cohen*, albeit the question of attorney's fees is separable from and collateral to the main cause of action litigated below (and, presumably, resolved between the parties) as to benefits plus the interest thereon, *compare Sutliff v. Sutliff*, 326 Pa.Super. 496, 474 A.2d 599

(1984), we have no reluctance in holding that the issue of counsel fees is not too important to be denied examination since it does not involve a claimed right that will be irreparably lost if not granted review immediately. Quite the contrary is true.

For example, neither the court below nor the parties has estimated the amount of counsel fees due to the plaintiff. In fact, this question was reserved in the court's Order for future proceedings.

Stated differently, because the matter of entitlement to counsel fees is so intertwined with the amount due thereunder, even if, *arguendo*, we were to rule that the plaintiff is entitled to fees there is the likelihood that once tabulated a disenchanted party may file an appeal questioning its propriety. Thus, looking at the practical ramifications of the Order at bar, the plaintiff is not "out of court" on the subject of counsel fees nor is he foreclosed from presenting the merits of his claim (as to the amount sought) to the court below at a hearing. *See Marino Estate,* 440 Pa. 492, 269 A.2d 645 (1970); *cf. Commonwealth ex rel. Nixon v. Nixon,* 312 Pa.Super. 313, 322, 458 A.2d 976, 980 (1983) ("The order of support was final and not interlocutory, for by directing appellant to pay $65 per week for the support of a wife and child, the order decided all issues pending between the parties and ended the litigation." (Citations omitted)). To hold otherwise would fly in the face of our "policy of precluding 'piecemeal determinations and the consequent protraction of litigation.'" *Veno v. Meredith,* 295 Pa.Super. 419, 422, 441 A.2d 1302, 1304 (1982), quoting *Esh v. Awglis,* 291 Pa.Super. 528, 436 A.2d 242 (1981).

Accordingly, inasmuch as plaintiff joins in defendant's petition to discontinue the instant appeal under Rule 1973, as it applies to the questions of benefits and interest, we perceive no rights being irreparably lost by either party by our conclusion to quash the appeal. For instance, the only real matter still in doubt concerns plaintiff's request for counsel fees. This topic is slated, at least from a fair reading of the August 17, 1983 Order, to be heard and

540

ultimately ruled upon by the trial court. Thereafter, any party who is disenchanted with the decision rendered can perfect an appeal to this Court. The issue will then be ripe for review, but not before.

Appeal quashed.