## Murphy v. Keystone Insurance Company

*Raymond J. Falzone, Jr.*, for plaintiff.
*Ronald D. Ashby*, for defendant.

McGOVERN, JR., *J.*, January 30, 1985—This is an appeal by the Keystone Insurance Company from this court's order dated January 30, 1985 awarding appellee Michael L. Murphy, co-administrator of the estate of Betty Johns, interest upon the unpaid work-loss benefits to be calculated beginning February 3, 1981 to December 7, 1984.

The parties hereto have stipulated to the facts. James Murray had a Chrysler automobile which Keystone Insurance Company covered by a policy of insurance in accordance with the Pennsylvania No-fault Motor Vehicle Act, 40 P.S. §1009 et seq. This policy was in effect on October 11, 1980 when James Murray's stepdaughter, Betty Johns, was

killed in an automoble accident while a passenger in Murray's car. The accident occurred on the Atlantic City Expressway near Berlin, N.J. The insured, James Murray, gave notice to the Keystone Insurance Company on January 2, 1981 and submitted therewith proof and amount of loss. The Keystone Insurance Company reimbursed decedent's estate for the funeral bill but declined to pay survivor's loss or work-loss benefits. Michael Murphy, Esq., in his capacity as co-administrator of the estate of Betty H. Johns, brought the above-captioned action against Keystone Insurance Company on November 9, 1982 seeking the recovery of work-loss benefits and survivor's loss benefits pursuant to the aforesaid insurance policy. Keystone Insurance Company, defendant, on December 7, 1984, paid plaintiff $15,000, the claimed work-loss benefits. Plaintiff then demanded interest at the rate of 18 percent per year, computed upon the work-loss benefits from the date such payment should have been made.

This court, on January 30, 1985, entered an order awarding plaintiff interest at the aforesaid rate, computed from 30 days following plaintiff's application for benefits, namely February 3, 1981, to the date of payment, December 7, 1984. Defendant Keystone Insurance Company has filed this appeal.

## WHEN DOES INTEREST ACCRUE ON WORK-LOSS BENEFITS PAYABLE PURSUANT TO THE PENNSYLVANIA NO-FAULT ACT

The parties hereto do not dispute, in any way, the rate of interest and, therefore, no further concern need be given that area. The issue here concerns the date upon which interest accrues. Defendant Keystone Insurance Company argues that interest does not begin until July 9, 1982, the date whereon

the Pennsylvania Superior Court determined that an estate representing a deceased victim is entitled to recover work-loss benefits under the Pennsylvania No-fault Act. Freeze v. Donegal Mutual Insurance Company, 301 Pa. Super. 344, 447 A.2d 999 (1982); affirmed, Freeze v. Donegal Mutual Insurance Company, 504 Pa. 218, 470 A.2d 958 (1983). Defendant argues that this decision established a right in decedents to recover work-loss benefits and thus, no such right could have pre-existed the decision and therefore, interest should not accrue upon a nonexistent right. Plaintiff contends that interest should accrue from the date when the cause matures.

The stated objective of the Pennsylvania General Assembly includes payment of work-loss benefit under the no-fault act to decedent's estates. Freeze v. Donegal Mutual Insurance Company, supra. The purpose of that act is to achieve "the maximum feasible restoration of all individuals injured and compensation of economic losses of the survivors of all individuals killed" upon Pennsylvania highways. Allstate Insurance Company v. Heffner, 491 Pa. 447, 421 A.2d 629, 633 (1980). The Supreme Court, in Allstate Insurance Company v. Heffner, supra, concluded that there is but a single class of beneficiaries under Pennsylvania's No-fault Act, that being victims, deceased or not.

The Pennsylvania Superior Court has recently concluded that ". . . Heffner was not viewed as changing the law or as creating a new right to work-loss benefit." Kroch v. Chroust, 330 Pa. Super. 108, 478 A.2d 1376, 1379 (1984). It is apparent from these decisions that in Pennsylvania, the act entitled a victim, deceased or not deceased, to recover work-loss benefits, and that subsequent judicial determinations were interpretations of legislative ac-

tion and did not serve to create any new right. Gray v. State Farm Insurance Company, 328 Pa. Super. 532, 477 A.2d 868, 870 (1984). Indeed the Pennsylvania Superior Court in Freeze v. Donegal Mutual Insurance Company, supra, observed that even if it were constitutionally possible, a reasonable interpretation would not conclude that the Pennsylvania legislature intended to eliminate work-loss benefits for deceased victims.

Since the right for such benefits to deceased victims was created by statute and not by a Superior Court decision on July 9, 1982, interest is therefore properly awarded according to the statute so as to begin 30 days from the date a claim is presented or, in the case at bar, to begin on February 3, 1981. That latter date is 30 days after notice was given to defendant Keystone Insurance Company.

## TERMINATION OF INTEREST — TENDER

Defendant Keystone Insurance Company also argues that any interest payable upon the work-loss benefit awarded in this matter should not accrue after May 11, 1984 because defendant offered to pay interest in the amount of $4,950 in full settlement of this litigation.

It is defendant's contention that such offer was a sufficient tender to stop interest accumulating. This court found in light of all the circumstances presented in this matter, that defendant's alleged tender was, in reality, an offer to compromise this litigation and as such, does not represent an unconditional offer to pay the principal and interest. Defendant's offer was conditioned upon plaintiff's relinquishing its right to claim interest from January 2, 1981 (date of application for benefits) until December 7, 1984 (date of payment). Plaintiff's fail-

ure to respond to defendant's offer was not therefore the refusal of an unconditional tender, but rather a declination to amicably resolve the instant litigation. It was therefore the determination of this court that interest should accrue through December 7, 1984 when the work-loss benefits were, in fact, paid.

It was for the foregoing reasons that this court's order dated January 30, 1985 was entered.

## ORDER

And now, this January 30, 1985, it is hereby ordered and decreed that interest at the rate of 18 percent on unpaid work-loss benefits is due to decedent's estate from February 3, 1981 through December 7, 1984. Since there is no evidence that the tender of settlement was anything more than an offer to compromise existing litigation, it therefore does not represent an unconditional offer to pay the principal but is conditioned on plaintiff's right to claim interest or a portion thereof; therefore, the interest continues through December 7, 1984.