506 A.2d 393

Samuel RAPPAPORT, Appellant,

v.

Elias H. STEIN and Leon Silverman and Theodore Snyder.

Elias H. STEIN & Leon W. Silverman and Samuel
Rappaport Investments

v.

Samuel RAPPAPORT, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 12, 1985.

Filed Dec. 30, 1985.

Jerome J. Verlin and Alan C. Kauffman, Philadelphia, for appellant (at No. 275).

Jerome J. Verlin and Charles V. Stoelker, Jr., Philadelphia, for appellant (at No. 380).

Charles V. Stoelker, Jr., Philadelphia, for Stein, appellees (at No. 275).

David H. Weinstein, Philadelphia, for appellees (at No. 380).

Jeffrey B. Albert, Philadelphia, for Snyder, appellee (at No. 275).

Before SPAETH, President Judge, and HOFFMAN and HESTER, JJ.

HESTER, Judge:

In these consolidated appeals, we review two orders in the dissolution of a series of real estate investment partnerships. The first appeal is from an interlocutory order appointing a real estate management firm to manage investment properties owned by the parties. We do not reach the issue of whether the appointment improperly created a receivership, as the appeal was taken from a nonappealable order. The second appeal, in a related action to quiet title, challenges a decree which stated that appellant holds certain property in trust for the benefit of the partnership despite his acquisition of it at a bankruptcy sale "free and clear of all encumbrances." We affirm the trial court in the second case.

## No. 275 Philadelphia, 1985

This is an appeal from an interlocutory order appointing a real estate management firm, Lanard & Axilbund, to manage investment properties owned by the parties' investment partnership. The factual background is as follows.

Beginning in 1973, appellant Rappaport entered into a series of partnership agreements with Stein, Silverman and Snyder, appellees, for the purpose of purchasing real estate for investment. Appellant is an experienced real estate investor and property manager; appellees are attorneys and businessmen.

From the beginning, appellant was the moving force behind the real estate activities of all of the partnerships. He negotiated purchases, sales and leases, managed properties, provided for maintenance, restoration and repair of the properties, and advanced large sums of money to operate the enterprises. Appellees failed to make substantial monetary contributions or to participate in management. By 1979, the parties argued over their various roles in the enterprises, and the partnerships were effectively dissolved as of October, 1979.

Appellant filed this action to wind up the affairs of the partnerships since the acrimony between the partners pre-

vented an amicable termination. The parties have not yet finished accounting for the dealings of the partnerships and terminating the enterprises.

On January 28, 1985, the trial judge entered an order removing appellant from his de facto position as the manager of all the properties of the partnerships:

 AND NOW, this 28th day of January, 1985, the Court enters an interlocutory Order appointing the firm of Lanard & Axilbund to manage the properties held by the entities involved in this litigation commencing February 1, 1985. Lanard & Axilbund shall have the authority to collect rents, make ordinary repairs, pay taxes, insurance, utility bills and other routine and ordinary expenses, rent properties as vacancies occur, and perform all the routine and customary functions of a real estate management firm pending further Orders of this Court; provided, however, that Lanard & Axilbund has no authority to sell or encumber the properties, to use assets of the entities for purchase of other properties or to enter into contracts for extensive renovation or alteration of the properties.

The appeal is from this order.

■ Two issues are presented. Appellees argue that this court has no jurisdiction to review this matter, since the order constitutes a nonappealable interlocutory order.[1] The substantive issue is appellant's claim that the January 28, 1985 appointment created a receivership, which was improper for a variety of reasons.

, ■ Appellees correctly assert that the order in question is interlocutory, and that such orders are normally nonappealable. Appellant claims that our jurisdiction is founded

1. Appellees also urge us to quash the appeals because appellant violated Pa.R.A.P. 2154 by failing to designate the contents of the reproduced record and to allow appellees to designate additional parts of the record necessary for the court's review. We find it unnecessary to enter sanctions in these cases as the reproduced record sufficiently informs the court of the essence of the disputes. We remind the parties, however, that the rules are mandatory, not directory, and that in appropriate cases we will not hesitate to impose sanctions, including the draconian remedy of dismissing the appeal. See, e.g., Pa.R. A.P. 2188.

on Pa.R.A.P. 311, Interlocutory Appeals as of Right. Rule 311(a)(2) states that "an appeal may be taken as of right from ... [a]n order confirming, modifying or dissolving or refusing to confirm, modify or dissolve an attachment, custodianship, receivership or similar matter affecting the possession or control of property."

We hold that the order in question does not satisfy the jurisdictional requirements of Pa.R.A.P. 311(a)(2); it does not relate to "an attachment, custodianship, receivership or similar matter affecting the possession or control of property." The real estate firm was empowered to collect rents and perform routine management functions but was barred from selling, encumbering or renovating the properties. This limited management function is not the "possession or control of property" which justifies an exception to the nonappealability of interlocutory orders. We therefore quash the appeal for lack of jurisdiction.

No. 380 Philadelphia, 1985

Among the partnerships discussed in the companion case is one named Samuel Rappaport Investments (SRI), in which appellant holds a fifty percent interest and appellees Stein and Silverman twenty-five percent each. This is an appeal from the final order in appellees' action to quiet title to certain real estate of SRI, including the Philadelphia Athletic Club (PAC). The trial court held that despite a bankruptcy court sale to appellant free and clear of all encumbrances, appellant holds the property in trust for the benefit of the partnership.

SRI purchased PAC and two other parcels of Philadelphia investment property in 1973, prior to the acrimonious dissolution of the partnership in 1979. Subsequent business conditions, deterioration of the property and cash flow problems led managing partner, appellant Rappaport, to file for Chapter 11 reorganization in bankruptcy on behalf of PAC. He did so in order to oust appellee partners from their interest in PAC. The bankruptcy court appointed a trustee for the property, who held an auction but refused to sell to appellant, the highest bidder, at $700,000 because the

price was too low. Appellees also attended the auction but did not bid. Later the same day, the trustee sold the property privately to appellant for approximately $1,000,-000, a figure calculated to satisfy the mortgages and pay certain administrative expenses. After objection by appellees, the bankruptcy court held a hearing, then confirmed the sale, awarding title to appellant.

Appellees sought to quiet title, claiming a continuing equitable interest in the property despite the bankruptcy sale. Appellant was able to sell the PAC property for $3,600,000 with the approval of the trial court, pending the outcome of the action to quiet title which would determine ownership of the proceeds of sale. The trial court held:

> The use of [bankruptcy proceedings] to divest [appellees] of their rightful interest in partnership property constituted a blatant breach of trust. The purchase of the property from the Trustee was simply another act in the scheme to obtain the premises for the sole benefit of [appellant]. A court of equity cannot sanction such behavior.

Slip opinion at 9. The court reached the following conclusion of law: "Defendant hold[s] the proceeds from the sale of said premises and the other parcels purchased from the trustee in bankruptcy in trust for the benefit of the partnership." *Id.* at 14.

■ There are two issues, and again, the first concerns the appealability of the decree under review. The trial court's opinion and order do not technically dispose of all outstanding motions. Its final conclusion of law, however, seems intended to dispose of this matter in its entirety, with any remaining details to be disposed of during final disposition of the companion case. The trial court's conclusion is as follows:

> 8) The final decree in the companion case will award to [appellees] their proportionate shares of the net proceeds of the sale of the premises to the third party and any revenues received from the other parcels of real estate that are the subject of this litigation less any advances

made by [appellant] for the benefit of all the properties including the purchase price paid by [appellant] at the sale by the Trustee with interest at the rate prescribed in the companion case from the dates of such payments.

[Appellant's] post-trial motions are denied.

Slip opinion at 15. Thus, it seems clear that the court regarded this disposition to be final insofar as the action to quiet title is concerned.

> A final order is one which "either ends the litigation or disposes of the entire case." *Gray v. State Farm Insurance Co.,* 328 Pa.Super. 532, 537, 477 A.2d 868, 871 (1984). "In determining what constitutes a final order we look to a practical rather than technical construction of the order." *Marron's Woodstove and Fireplace Center, Inc. v. Alaska Co., Inc.,* 326 Pa.Super. 471, 474, 474 A.2d 337, 338–39 (1984).

*Steel v. Weisberg,* 347 Pa.Super. 106, 108, 500 A.2d 428, 429–30 (1985). In practical effect, the decree under review disposes of the entire matter regarding title to the SRI properties, and the court made a final disposition of the parties' claims to ownership. That a final accounting has been deferred until the conclusion of the companion case does not affect the appealability of this decree. Clearly, the determination that appellees have an equitable claim to the SRI properties purchased by appellant at the bankruptcy sale will not be reviewable when the companion case is terminated. The court prudently deferred the accounting until liquidation of all the properties in the companion case, despite final disposition of the question of title in this case. We therefore hold that this appeal is properly before us.

The substantive issue is whether it was error to conclude that appellant held the real estate purchased from the trustee in bankruptcy for the benefit of the partnership. Appellant argues that a line of Pennsylvania Supreme Court cases, beginning with *Fisk v. Sarber,* 6 Pa. (W. & S.) 18 (1843), allows a fiduciary to purchase real estate of a trust beneficiary with his own money at a judicial sale

brought about by actions of a third party, free from all equitable interest of the trust beneficiary.

Appellant argues that many of the facts found by the trial court support the application of the *Fisk v. Sarber* rule. The bankruptcy court found the price for the PAC property to be fair to all parties concerned and granted title to appellant "free and clear of all liens and encumbrances." There is no evidence that appellant permitted the property to deteriorate so he could buy it at a depressed price; in fact, appellees refused to make their proportionate contributions necessary to maintain the property. There was no fraud or concealment in the conduct of the partners with respect to each other. All were wary of each other. All had an opportunity to bid on the property and were present at the auction. Appellant was not acting as an agent for SRI when he purchased the property from the trustee in bankruptcy.

Appellees counter with the argument that the sale of the property was not brought about solely through the actions of a third party, namely, the mortgagee, as appellant contends. They note that appellant filed the petition for reorganization in bankruptcy court; the court found that he did so with the specific purpose of eliminating appellees' interest in the property. Appellant was in control until a trustee was appointed at appellees' request, and the need to sell the property was due at least in part to actions taken by appellant prior to appointment of a trustee.

The court held that appellant's purchase in the bankruptcy sale did not alter the partners' relationship, nor affect their rights in the property inter sese.

It has long been the law in Pennsylvania that where several persons own a joint or common interest in real estate, one of them cannot purchase an encumbrance or an outstanding title and set it up against the other owners for the purpose of depriving them of their interests. If a tenant in common purchases title to the property at a tax or other judicial sale, such purchase inures to the benefit of all of the cotenants.... Under such cir-

cumstances, the purchaser holds the title as trustee for his cotenants.... This is so because tenants in common stand in a confidential relationship to each other with respect to the common property. In making a purchase of an outstanding title or interest, one cotenant is presumed to act for all.

*Lund v. Heinrich,* 410 Pa. 341, 344–45, 189 A.2d 581, 583 (1963) (citations omitted) (emphasis deleted). *Truver v. Kennedy,* 425 Pa. 294, 302, 229 A.2d 468, 472 (1967). We agree that these principles are applicable in this case.

■ We believe that *Lund, supra,* is more applicable to the case under review than *Fisk v. Sarber, supra,* and its progeny. *Fisk* is distinguishable in several respects: the fiduciary who purchased the property had absolutely nothing to do with bringing about the judicial sale, *Fisk, supra,* at 21; he had no other assets available with which to satisfy the indebtedness on the property, *id.;* and he purchased the property for a price higher than fair market value, *id.* at 19, 21. As we have stated, the trial court found that appellant Rappaport placed the PAC property in bankruptcy for the express purpose of divesting his partners of their interest in the property. Having done so, it is true, he exercised no further influence in bringing about the bankruptcy sale, but it is not true that his hands were clean in view of his purpose in initiating the bankruptcy proceeding. Unlike *Fisk,* the partnerships in this case which are the beneficiaries of appellant's fiduciary responsibilities did have other assets with which to satisfy the PAC indebtedness prior to the bankruptcy. But for appellant's bankruptcy petition, which had the effect of isolating the PAC property from the partners' other assets, other partnership property could have been applied to the mortgage so the partners could have retained the valuable PAC property. Finally, it is evident that the PAC property was sold to appellant for a fraction of its true value. Within the context of the bankruptcy, wherein the trustee's duty ended when the property realized enough money to satisfy the mortgage, appellant's purchase price was "fair." Vis-à-vis appellant's partners,

however, the price was not fair. The most fundamental principles of equity distinguish appellant's actions from those of the *Fisk* fiduciary. Accordingly, we hold that the trial court correctly followed *Lund* rather than *Fisk*.

Appellant also contends that the decision imposing an equitable limitation on the title obtained in the bankruptcy sale violates the supremacy clause of the United States Constitution. This argument is frivolous. The bankruptcy court never purported to determine the rights and obligations of the several partners of SRI. The bankruptcy judge expressly recognized that the state court would later determine the interests of the various partners among themselves. Reproduced record at 257a. There is no question that the trial court was correct in its analysis of this claim:

> The Bankruptcy Court is a court of limited jurisdiction. It dealt with the corporation and its properties.... The Bankruptcy Court did not consider the rights of the partnership or the rights of the partners inter se se. [sic] Indeed, such issues were beyond its jurisdiction.

Slip opinion at 9–10.

We find no error in imposition of a constructive trust on appellant's title to the property obtained in the bankruptcy court. Accordingly, we affirm the decree of the trial court.