538 A.2d 567

**Jesse L. PLEET, Appellant,**

v.

**VALLEY GREENE ASSOCIATES, and National Properties, Inc., and Hayes Construction, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 20, 1988.

Filed March 1, 1988.

433 N.E.2d at 1258; *Templeton v. Sam Klain & Son, Inc., supra* at 1202 (Ind.App.1980).

Alan B. Ziegler, Reading, for appellant.

Thomas M. Golden, Wyomissing, for Hayes, appellee.

John D. Snyder, III, W. Chester, for Valley, appellee.

Before CIRILLO, President Judge, and McEWEN and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal[1] from an Order sustaining appellees' preliminary objections in the nature of a demurrer, and dismissing appellant's complaint. We affirm.

1. We note with disapproval that appellant has violated the provisions of Pa. R.A.P. 124(a)(3), and (4), concerning spacing and pagination, and Rule 2186(a)(1), which requires that the reproduced record be

On June 11, 1986, appellant, an attorney, signed a purchase agreement for a unit in the Valley Greene Village townhouse development built by appellee Hayes Construction, Inc. in the Borough of Wyomissing Hills, and offered for sale by appellee Valley Greene Associates and National Properties, Inc. In August, appellant attempted without success to withdraw from the contract, and obtain the return of the deposit money which under the terms of the agreement was to remain with the seller as liquidated damages occasioned by breach. On September 10, 1986, appellant sought, inter alia, to recover his deposit as well as damages by instituting a class action suit on behalf of himself and all other purchasers of the units, alleging that appellees had not followed certain documentation procedures required for the sale of condominiums under the Pennsylvania Uniform Condominium Act, 68 Pa.C.S.A. § 3101 et seq. The trial court granted appellees' preliminary objections in the nature of a demurrer, and dismissed appellant's complaint. This appeal followed.

■ The crux of the matter before us is whether, under the provisions of the Condominium statute (the Act), the residential units of the Village are in fact condominiums.

Section 3103 of the Act defines condominium as follows: *Condominium.* Real estate, portions of which are designated for separate ownership and the remainder of which is designated for common ownership solely by the owners of those portions. Real estate is not a condominium unless the individual interests in the common elements are vested in the unit owners.

The agreement to which appellant was signatory declares the common areas of the development to have been con-

filed simultaneously with the appellate brief. Although we decline, as appellee suggests, to dismiss this appeal on the basis of the Rule 2186 violation, "[w]e remind the parties ... that the rules are mandatory, not directory, and that in appropriate cases we will not hesitate to impose sanctions, including the draconian remedy of dismissing the appeal. *See,* e.g., Pa. R.A.P.2188." *Rappaport v. Stein,* 351 Pa.Super. 370, 374 n. 1, 506 A.2d 393, 395 n. 1 (1986). *See also, Shirk v. Caterbone,* 201 Pa.Super. 544, 193 A.2d 664 (1963).

veyed to the Valley Greene Homeowner's Association, a non-profit corporation organized under the laws of Pennsylvania, in which each of the unit owners was to hold a non-cancellable voting membership. Appellant argues that because the association is to be composed solely of unit owners, the requirements of the statute are met.

The trial court, in construing the definition of condominium, noted that this section of the Pennsylvania statute was adopted verbatim from the Uniform Condominiums Act, § 1–103, 7 U.L.A. 434 (1980), and relied upon the Comment to the definition for clarification. The Comment reads as follows:

> Definition (7), "condominium," makes clear that, unless ownership interest in the common elements is vested in the owners of the units, the project is not a condominium. Thus, for example, if the common elements were owned by an association in which each unit owner was a member, the project would not be a condominium.

■ Appellant contends that the application of this interpretive passage to the Pennsylvania statute is inappropriate because the Comments were not adopted by the legislature along with the statute. However, the introductory material to the Pennsylvania statute states that, "[s]ince 45 sections of the Uniform Condominium Act are incorporated without change, the comments of the National Conference of Commissioners on Uniform State Laws will generally be helpful in the application of this act." This principle is consistent with 1 Pa.C.S.A. § 1939, which provides that

> "The comments or report of the commission, committee, association or other entity which drafted a statute may be consulted in the construction or application of the original provisions of the statute if such comments or report were published or otherwise generally available prior to the consideration of the statute by the General Assembly . . ."

Aided by the Comments in interpreting the contract, we find as did the trial court, that the units of the development

534

are not condominiums.[2]   The Condominium Act and its prescriptions as to documentation are therefore irrelevant to a valid sale of the units, and concomitantly, appellant's complaint is devoid of legal substance.

■   Appellant also claims that there was error in the grant of appellees' demurrer because certain facts relied upon by the trial judge in its Opinion, specifically the corporate status of the Homeowner's Association and its ownership of the common areas of the development, were not properly before the court.   However, these facts appear in the sales agreement which was appended to and made part of the Complaint;  the court was thus entitled to rely on them in determining the sufficiency of the complaint. *Jeffrey Structures v. Grimaldi,* 186 Pa.Super. 437, 142 A.2d 378 (1958).   *Compare Martin v. Little, Brown and Company,* 304 Pa.Super. 424, 450 A.2d 984 (1982).

Judgement affirmed.

**2.**   The trial court also relied upon the decision in *County Greens Village One Owners Association, Inc. v. Meyers,* 158 Ga.App. 609, 281 S.E.2d 346 (1981).   There the Georgia Appeals Courts resolved a question similar to the one herein, albeit in a dissimilar factual setting, in a manner consistent with our conclusion.