570 A.2d 1070

**MID–ISLAND PROPERTIES, INC. and Sylvan M. Cohen, a Partnership t/a Wyncote House, Appellees,**

v.

**Robert MANIS, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 13, 1989.

Filed Feb. 28, 1990.

Michael E. Garner, Philadelphia, for appellant.

David Gutin, Philadelphia, for appellees.

Before BROSKY, WIEAND and JOHNSON, JJ.

WIEAND, Judge:

The issue in this appeal is whether a tenant who, on his own initiative, circulates among other tenants a petition intended to induce action or forbearance by the landlord is acting as part of a "tenants' organization or association" within section 205 of the Landlord and Tenant Act of April 6, 1951, P.L. 69, as amended, 68 P.S. § 250.205, which prohibits a landlord from terminating a lease because of the tenant's participation in a "tenants' organization or association."

Dr. Robert Manis, by agreement dated June 24, 1984, leased a residential apartment from Mid–Island Properties, Inc. (Mid–Island) for a term of one year, beginning September 1, 1984. The lease was renewable annually in the absence of ninety days notice of termination, which could be given by either party. The lease, in fact, was renewed annually until 1988.

In December, 1987, Mid–Island's management notified its tenants that it intended to discontinue services which theretofore had been provided to tenants using the "lower garage." Manis was affected by this decision to discontinue services; and, in February, 1988, he circulated a petition among other affected tenants by which he hoped to induce management to reverse its decision. On May 18, 1988, Mid–Island gave notice to Dr. Manis that his lease would not be renewed and that his tenancy would terminate at the end of the current term on August 31, 1988. Manis refused to vacate the apartment. Therefore, Mid–Island commenced an action in ejectment to obtain possession of the apartment and, in a separate count, to recover unpaid rent and parking fees. Manis filed an answer containing new matter and a counterclaim for compensatory and punitive damages. He alleged, inter alia, that the termination of his lease had been motivated by his circulation of the petition and, therefore, violated Section 205 of the Landlord and Tenant Act. These averments were denied in Mid–Island's reply. Subsequently, on motion of Mid–Island, accompanied by affidavits from the parties, the trial court entered summary judgment against Manis in the ejectment action and awarded possession of the apartment to Mid–Island. Section 205 of the Landlord and Tenant Act, the court held, was not available as a defense. Because issues of fact remained in the claim and counterclaim for money damages, however, these claims were reserved for trial. Manis appealed from the order ejecting him from his apartment.

Generally, "an order dismissing some but not all counts of a multi-count complaint is interlocutory and not appealable." *Praisner v. Stocker*, 313 Pa.Super. 332, 337, 459 A.2d 1255, 1258 (1983) (en banc). Where the judgment has been entered on an entirely separate cause of action, however, that judgment is immediately appealable. Its appealability is not destroyed merely because other causes of action, joined in the same complaint, remain undecided. *Id.* Here, as a result of Mid–Island's cause of action in ejectment, Manis has been evicted from his apartment.

This judgment in ejectment is a final judgment and is immediately appealable. Its appealability is not destroyed because the landlord's claim and the tenant's counterclaim for money damages have not yet been decided.

▪ Appellee complains that appellant has included in the reproduced record filed in this court the petitions which he circulated among the tenants even though these petitions are not a part of the record. We agree that this was improper. "Documents that are not a part of the record should not be included in the reproduced record and may not be considered on appeal." *In re Estate of Brockerman*, 332 Pa.Super. 88, 94, 480 A.2d 1199, 1202 (1984). See also: *Auman v. Juchniewitz*, 312 Pa.Super. 98, 458 A.2d 254 (1983). Because the copies of these petitions can be disregarded without impairing our ability to conduct meaningful review, we perceive no need to impose further sanctions. Cf. *Rappaport v. Stein*, 351 Pa.Super. 370, 506 A.2d 393 (1985).[1]

▪ Manis argues on appeal that the trial court erred when it held that he was not participating in a tenants' organization or association while circulating petitions among other tenants in the building. Section 205 of the Landlord and Tenant Act provides: "No individual unit lease on residential property shall be terminated or nonrenewed on the basis of the participation of any tenant or member of the tenant's family in a tenants' organization or association." In order to assert successfully a violation of this provision by way of defense, it must be shown that there was a "tenants' organization or association" and that the termination of the tenant's lease was caused in whole or in part by participation of the tenant or a member of his family in such organization or association.

The Landlord and Tenant Act, in section 102(5),[2] defines a "tenants' organization or association" as "a group of ten-

---

**1.** Appellant's depositions, taken during discovery, are also not a part of the record forwarded to this Court for review. The parties have reproduced portions of those depositions, but the entire depositions have not been made available to us.

**2.** 68 P.S. § 250.102(5).

ants organized for any purpose directly related to their rights or duties as tenants." To "organize" is to arrange or unify into a coordinated functioning whole. Webster's International Dictionary (3rd ed.1965). Similarly, an "association" is defined as a loose body of persons organized for the prosecution of some purpose. Webster's International Dictionary (3rd ed.1965). The record in this case discloses that there was no organization or association of tenants. The only effort expended in this case was the personal effort of appellant who prepared the petition and set about obtaining signatures thereon. There was no coordinated functioning whole and no united effort by the tenants. Indeed, appellant has conceded that no formal tenants' organization existed and that not even a meeting was held for the purpose of making a concerted effort to protest the landlord's decision.

Manis argues that he was acting as spokesperson for elderly and handicapped persons and that the statute was intended to protect persons such as he. This argument must fail. In the first place, it is not supported by the record. There is no basis in the record that would permit a finding that he had been authorized to act on behalf of elderly or handicapped persons. His written solicitation of the tenants did not include any special reference to persons who were elderly or handicapped. Rather, his letter appeared on his personal stationery and was directed to his neighbors and fellow lower garage patrons. Appellant's activities, the trial court concluded, were a personal crusade intended to persuade the landlord to change its decision regarding services. We agree.

Appellant's activities were not within the protection of Section 205 of the Landlord and Tenant Act, which was designed to protect organized tenants' activities. A tenant who individually seeks to induce or deter action by his or her landlord is not protected. When the words of the statute are clear and free from ambiguity, the letter of the statute will not be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b). See also: *Zimmerman*

*v. O'Bannon,* 497 Pa. 551, 442 A.2d 674 (1982); *Commonwealth v. Patchett,* 284 Pa.Super. 252, 425 A.2d 798 (1981).

The landlord gave notice, as required by the terms of the lease, that it was terminating appellant's lease at the end of the term thereof. This action in ejectment was commenced when appellant refused to vacate the apartment voluntarily. The pleadings, together with the affidavits filed by the parties, disclose that appellant has no defense to the landlord's action and that the landlord is entitled to recover possession of the demised premises as a matter of law. Therefore, the trial court properly held that appellee was entitled to a summary judgment for possession.

Judgment affirmed.