# Criswell v. Atlantic Richfield Co.

*Robert E. Paul*, for appellant.

*Lauren E. Burke, Edmund K. John* and *George D. Bruch, Jr.*, for appellee Sunoco, Inc. (R&M).

*Maureen Rowan*, for appellee Atlantic Richfield Co.

FOX, *J.*, Sept. 22, 2014—

## FACTS and PROCEDURAL HISTORY

The above named plaintiffs appeal this court's orders of May 27, 2014, granting motions for summary judgment filed by moving defendants, Atlantic Richfield Company and Sunoco, Inc. The orders were made final by settlement of the remaining claims on June 3, 2014. Plaintiffs brought this suit alleging that Earl Criswell developed lung cancer as a result of exposure to asbestos-containing products manufactured and/or supplied by numerous entities during his lifetime. Two of those entities are moving defendants. Following discovery, moving defendants filed motions for summary judgment which were both granted by this court. This appeal followed.

## DISCUSSION

This court properly granted Sunoco's motion for summary judgment because plaintiff has not established exposure or causation under the Jones Act. The Jones Act provides that "[a]ny seaman who shall suffer personal injury in the course of his employment may, at his election,

maintain an action for damages at law, with the right of trial by jury." 46 U.S.C. app. § 688(a). While defendant contends that plaintiff's claim under the Jones Act is invalid because any claim must be sought solely under the Longshoremen & Harbor Worker's Act, 33 U.S.C. § 30104, this court does not need to examine this issue because plaintiff's claim is submitted and argued solely under the Jones Act. Under the standards of the Jones Act, plaintiff has failed to establish exposure.

In order to establish causation in an asbestos claim under the Jones Act, a plaintiff must show that he was exposed to each individual defendant's product and the product was a substantial factor in causing the injury he suffered. *Lindstrom v. A-C Prod. Liab. Trust,* 424 F.3d 488, 492 (6th Cir.2005); citing *Stark v. Armstrong World Indus., Inc.,* 21 F. App'x 371, 375 (6th Cir.2001).). In other words, a plaintiff must come forward with admissible evidence sufficient for a reasonable jury to find that plaintiff was exposed to respirable asbestos in an amount sufficient to cause the disease. *Lindstrom supra.* A plaintiff also must prove negligence on the part of the premises owner. Here plaintiff does not establish exposure or negligence.

Plaintiff's evidence is really nothing more than a speculative argument. Plaintiff proves that Criswell sailed on moving defendants vessels, the vessels had asbestos on them, and Criswell occasionally worked upon or near equipment that may have contained or been insulated with asbestos because there was a "high heat application." Plaintiff then concludes that Criswell must therefore have been exposed to asbestos in amounts sufficient to cause the disease. This is speculative testimony alone is not enough to establish exposure.

For example, when asked Criswell admitted that he has

no special training in identifying asbestos by sight. *See* Dep at p 531. Criswell was also unable to look at dust and determine whether it contained asbestos. *Id.* Yet, when testifying in connection with exposure from moving defendant Atlantic Richfield, plaintiff testified that he believed the steam lines he worked on were covered in asbestos "because it's a very serious thing to have pipes that are not covered with some type of asbestos, especially if it's high pressure or high temperature." *Id.* at 590.

When testifying in connection with moving defendant Sunoco, Criswell admitted he did not personally handle insulation material. *Id.* at 1132. He admitted he didn't know if the insulation material contained asbestos. *Id.* at 1166. Criswell further admitted that he did not see any writing on the old material that were removed, and that his only basis for believing the replacement components contained asbestos was their high heat application. *Id.* at 1170.

The type of testimony is precisely the type of testimony that is too speculative to be accepted by this court. In *Samarin v. GAF Corporation*, 391 Pa. Super. 240, 571 A.2d 398 (1989), *alloc. denied*, 524 Pa. 629, 574 A.2d 71 (1990), the Superior Court held that evidence of a materials' high heat application is insufficient to support the conclusion that the product contained asbestos. The Superior Court further held that "without more facts, it is not reasonable for the trial court to infer that the products must have contained asbestos because they were heat resistant." *Id.* at 403. *See also Bushless v. GAF Corp.*, 585 A.2d 496 (Pa. Super. 1990). Here, plaintiff is relying on high heat application without further evidence just as in the aforementioned cases. Therefore summary judgment is proper.

In response to moving defendants' summary judgment

motions, plaintiff filed a memo that largely had nothing to do with the issues raised by moving defendants, and instead merely listed cases that applied to general asbestos issues, similar to a treatise. The only real argument plaintiff argues in response to the motions is that it is general knowledge that moving defendants' ships contained asbestos. Again, such statements, without more evidence, are not enough to defeat summary judgment.

Further, under the Jones Act, plaintiff needs to produce evidence to show the employer's negligence played any part in causing the injury. *Richards v. Dravo Corp.*, 249 Pa. Super. 47, 56, 375 A.2d 750, 755 (1977). Plaintiff has failed to produce evidence to meet this standard. In plaintiff's largely off topic response to the motions for summary judgment, the only argument pertaining to this issue is that the negligence standard is relaxed under the Jones Act similar to the FELA standard applicable to railroad workers without pointing to actual evidence of negligence. Therefore, since plaintiff has failed to establish exposure or causation, summary judgment in favor of moving defendants was proper and should be affirmed.