## Stewart Estate.

Argued October 10, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Eugene J. Reinbold,* with him *Robert A. Jarvis, Raymond W. Cromer,* and *Beck, McGinnis & Jarvis,* for appellant.

*Charles C. Keller,* with him *Peacock, Keller & Yohe,* for appellee.

OPINION BY MR. JUSTICE JONES, January 8, 1964:

James H. Stewart (decedent), died April 10, 1960 unmarried, without issue him surviving. Although at the time it was believed that decedent had made a will, diligent searches by all concerned failed to discover any will. Therefore, a niece of decedent applied for and was granted letters of administration on April 21, 1960.

In due course of administration, a final decree of distribution was entered by the Orphans' Court of Allegheny County on April 21, 1961. As a result of that decree, the balance of the estate was distributed, under the intestate laws, to decedent's four nieces and two nephews. However, pending final tax settlement, $1500 was withheld from distribution.

During the administration of the estate two claims by Miss Anna Vecenie (appellant) were presented: one claim for fifty percent share of the estate, and another claim for services rendered decedent. The first claim is now categorized as a claim for a share of the estate under the last will, while the second is categorized as a separate and distinct claim.

Approximately two months after the distribution decree a will of the decedent was found. The executrix under that will[1] took the appropriate steps and the will was admitted to probate on August 11, 1961. That will provided, inter alia, that Miss Vecenie was to receive thirty percent of the estate, and the four nieces

---

[1] The named executrix is also the person previously appointed as administratrix.

were beneficiaries of the residue in varying proportions. *The two nephews were not mentioned in the will.*

Upon probate of the will, Miss Vecenie filed a petition in the Orphans' Court of Allegheny County for a citation on the two nephews to show cause why the estate balance distributed to them should not be returned to the executrix for proper distribution under the will. Two of the nieces, whose intestate shares exceeded their legacies, were also cited to show cause why the excess should not be returned for redistribution.

After hearing, the court held that Section 721 of the Fiduciaries Act of April 18, 1949, P. L. 512 (20 PS §320.721) precluded a review of the decree of distribution and that the provisions of the after-discovered will controlled only such part of the estate as remained undistributed in the administratrix' hands. The court, therefore, awarded a pro rata share of the tax-reserved funds to Miss Vecenie, and the court in banc affirmed, modifying, however, the initial decree so as to award the tax-reserved funds in toto to Miss Vecenie.

From that decree, Miss Vecenie appeals, raising the following questions: (1) Is the decree of distribution void because written notice of the filing of the account was not given to Miss Vecenie, as provided by Section 703 of the Fiduciaries Act, supra (20 PS §320.703) and Section 6(3) of the Rules of the Supreme Court relating to the Orphans' Court? (2) In the absence of fraud or error on the part of the administratrix, is an intestate distribution *conclusive* against the provisions of the after-discovered will, even though only eight weeks elapsed between the date of the decree of distribution and delivery of the will to estate counsel.

## Absence of Written Notice

Miss Vecenie presently asserts that her initial claim for 50% of the estate was a separate, and distinct, claim

from her claim for services and that her initial claim represented a claimed bequest to her under the last will and that the compromise settlement entered into with the estate encompassed *only* the claim for services allegedly rendered by her to the decedent. If that be so, then at the time of the filing of the account Miss Vecenie was a "claimant" to whom notice of filing of such account necessarily had to be given. Only an examination of the record can solve this question. The letter of counsel for Miss Vecenie which purported to set forth the terms of the compromise although it stipulated that "upon payment of this amount [$10,500], it is expressly agreed and understood that a release will be signed and no further claim will be made against the estate and it will be discharged from any further liability", nevertheless stated it should not be construed as an admission that "this is the total sum due and owing". Subsequent to the receipt of that letter, a release was presented and executed by the parties and that release *specifically* restricted its operation to the claim of Miss Vecenie for services. Under such circumstances, the record would indicate that, by the compromise, the claim of Miss Vecenie for a share of the estate based upon the alleged will was not so clearly extinguished as to remove Miss Vecenie from the status of a "claimant" to whom notice of the filing of the account was due under the provisions of Section 703 of the statute, supra. Occupying the status of a "claimant", Miss Vecenie was entitled to notice and the failure to give such notice to her renders void the decree of distribution founded upon such account.

Under such circumstances, the decree of distribution must be set aside and Miss Vecenie permitted to establish her claim under the will to the balance, or any part thereof, shown in the account prior to distribution.

In view of the conclusion reached, we need not consider Miss Vecenie's other contention.

Decree reversed and the matter remanded for further proceedings not inconsistent with this opinion.