## Stewart Estate.

Argued October 4, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Eugene J. Reinbold,* with him *Robert A. Jarvis, Raymond W. Cromer,* and *Beck, McGinnis & Jarvis,* for appellant.

*Frank W. Ittel,* with him *Charles C. Keller,* and *Reed, Smith, Shaw & McClay,* and *Peacock, Keller & Yohe,* for appellee.

OPINION PER CURIAM, November 15, 1966:

The facts of this case are set forth in our previous decision, *Stewart Estate,* 413 Pa. 190, 196 A. 2d 330 (1964), where we held that because Anna Vecenie, appellant there and here, had not been given notice of the filing of the fiduciary's account in accordance with §703 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 P.S. §320.703, the decree of distribution originally entered in that case was void. This Court thereupon remanded the matter to the Orphans' Court of Allegheny County in order to afford appellant an opportunity to establish her entitlement to a share of the estate under the will of James H. Stewart. Upon remand the court below held a hearing for the purpose of receiving such testimony as the parties desired to offer.

Following the hearing, the court below filed its opinion which recited, inter alia: "The decision of the Supreme Court leaves Miss Vecenie free to establish her claim under the will in a proper proceeding. It appears that a will has been probated but no personal representative has been appointed to carry out the terms of the will, and the named executrix has renounced her right to administer. Since it may be nec-

essary to incur additional administrative expenses in completing the administration and distribution under the terms of the will where the parties involved are in serious disagreement it would appear necessary to decree the funds presently in the hands of the administratrix to the administrator c.t.a. of the Estate of James H. Stewart, deceased, when appointed.

"We will direct that payment of the funds presently in the hands of the administratrix, viz, $1,500, be made to the administrator c.t.a. of the Estate of James H. Stewart, Deceased, when appointed. Miss Vecenie may make her claim under the will to such personal representative."

A decree to that effect was entered below on July 19, 1965, and appellant appeals from that determination. It is appellant's contention that the court below should have awarded her 30% of the estate as shown in the fiduciary's account prior to the decree of distribution of April 12, 1961 and that this Court should reform the decree of distribution to mandate such award.

In our view the decree of July 19 is interlocutory since the merits of appellant's claim against the estate have not yet been adjudicated in the proceedings below. "In the absence of statutory authority—and there is none here—piecemeal or interlocutory appeals are not permitted. A decree, to be appealable, must be definitive and one that determines finally the cause. It is not final unless the order or decree concludes the litigation between the parties to the proceeding and precludes them from further action in that court. Stadler v. Mt. Oliver Borough, 373 Pa. 316, 95 A. 2d 776 (1953)." *Alexander Estate,* 414 Pa. 474, 476, 200 A. 2d 865, 866 (1964).

Accordingly, it would be inappropriate for us to presently entertain appellant's contention. The appeal must, therefore, be quashed. Each party to pay own costs.