## Marino Estate.

Argued October 8, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Edward Munce,* for appellant.

*Thomas J. Terputac,* for appellee.

OPINION BY MR. JUSTICE JONES, October 9, 1970:

On Ocober 6, 1961, Gabriel E. Marino died intestate, owning, *inter alia,* 12.81 acres of land in Washington County. He was survived by the following named sister and four brothers: Teresino Marino, Ralph Marino, Anthony Marino, Patsy Marino[1] and Russell Marino.[2]

On March 6, 1969, Russell Marino, as administrator for the estate, filed a petition seeking leave to retain separate counsel to aid with certain condemnation proceedings. On March 18, 1969, Judge Charles D. COPELAND, specially presiding, granted this petition to retain separate counsel. Anthony Marino appealed from the order of March 18, 1969, and Russell Marino has filed a petition to quash the appeal. The appeal must be quashed.

In the absence of express statutory authorization, an interlocutory order is generally unappealable

---

[1]Patsy Marino is the judge of the Orphans' Court Division of the Court of Common Pleas of Washington County.

[2]Russell Marino, since 1968, has been the Clerk of the Orphans' Court and Register of Wills of Washington County.

494

(*McGee v. Singley*, 382 Pa. 18, 114 A. 2d 141 (1955))
and no such statute is presently applicable. "The evident policy of the law in such regard is to preclude piecemeal determinations and the consequent protraction of litigation." *Sullivan v. Philadelphia*, 378 Pa. 648, 649, 107 A. 2d 854, 855 (1954).

. . An order is *not* interlocutory if it precludes a party from presenting the merits of his claim to the lower court. *Ventura v. Skylark Motel, Inc.*, 431 Pa. 459, 246 A. 2d 353 (1968) ; *Stewart Estate*, 423 Pa. 189, 223 A. 2d 685 (1966) ; *Stadler v. Mt. Oliver Borough*, 373 Pa. 316, 95 A. 2d 776 (1953).

In the case at bar, Anthony Marino, apparently, would like to have Russell Marino removed as administrator, although Anthony's position is none too clear from the pleadings. The order from which this appeal has been taken only pertains to the retention of additional counsel to aid the estate in certain condemnation proceedings. The order of March 18, 1969, not only fails to raise the issue which is *apparently* in controversy but is also interlocutory. *Middleberg v. Middleberg*, 427 Pa. 114, 233 A. 2d 889 (1967). Accordingly, this appeal must be quashed. Any discussion on the merits of this case must be deferred until such time as we may have a complete record before us. *Adcox v. Pennsylvania Mfr's. Assn. Ins. Co.*, 419 Pa. 170, 213 A. 2d 366 (1965).[3]

---

[3]The disposition of this appeal shall *in no manner* be deemed a condonation of the participation of Judge Marino at any stage of the proceedings in this estate nor of the action of Russell Marino in continuing as administrator of this estate after becoming Clerk of the Orphans' Court and Register of Wills of Washington County. A judge must not act in a controversy wherein he is a party in interest (Canons of Judicial Ethics, §§13, 29 of the American Bar Association adopted by this Court) and the conduct of Judge Marino clearly and flagrantly violated the ethical standards of the judiciary. Moreover, Russell Marino, although he was not Register of Wills when appointed administrator, should have resigned as administrator upon his election as Register of Wills.

Appeal quashed.   Appellant to pay costs.

CONCURRING OPINION BY MR. JUSTICE COHEN:

I join in the opinion of the Court. However, I must note my strong disapproval of the actions of Anthony Marino, a member of the Bar of this Court, who is apparently attempting to use the judicial system to further his personal intra-family feud.

It should be noted that Anthony Marino has had the services of five different attorneys since 1964. In addition, he acted as his own counsel in the Answer he filed on March 8, 1966 which led to a contempt citation. As a lawyer Mr. Marino should recognize that the judicial system should not be further burdened with his personal antagonism.

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

While I join in the opinion of the Court, I must additionally note my strong disapproval of the actions of the orphans' court judge in sitting in a case in which he had a direct pecuniary interest.   Canon 29 of the American Bar Association's Canons of Judicial Ethics provides that "[a] judge should abstain from performing or taking part in any judicial act in which his personal interests are involved." See also the Interim Report of the American Bar Association's Special Committee on Standards of Judicial Conduct, which concluded that "[a] judge should disqualify himself in any proceeding in his court in which he knows or should know that he, individually or as a fiduciary, or any member of his family residing in his household, has an interest in the matter in controversy or the affairs of a party to the proceeding." I also expressly disapprove of the actions of the Register of Wills and Clerk of the Orphans' Court in retaining his position as administrator of the estate after his accession to these positions.