400 A.2d 1312

**ESTATE of Edward A. GALLAGHER, Deceased.**

Supreme Court of Pennsylvania.

Argued Jan. 17, 1979.
Decided May 3, 1979.

Lawrence M. Aglow, West Chester, for appellant.

Duffield Ashmead, III, Christopher H. Gadsden, Philadelphia, for appellee.

Before EAGEN, C. J., and ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Edward A. Gallagher died on December 18, 1969. Appellee, Provident National Bank (Provident), presented for probate a document which was handwritten on a printed will form. The trial court in the matter before us described this document as one written "in a confused and haphazard manner." The document contained writing after the signa-

ture and contained writing in a vertical direction in the margins. When the handwritten document was presented for probate, Provident also submitted a typed "copy" of the document. Unlike the handwritten document, all the provisions in the typed copy appeared in an orderly fashion with the decedent's signature at the end thereof. This typed copy is referred to in the record as a "copy fair." Provident was granted letters of administration and proceeded to administer the estate. On May 9, 1975, the trial court's adjudication confirming Provident's first and final account was made absolute and distribution proceeded in accordance with the court's decree.

Approximately eleven months later, on April 5, 1976, appellant, Daniel Gallagher, a brother and legal heir of the decedent, filed a "Petition for Citation to Show Cause Why Audit Should not be Set Aside and Letters of Administration Revoked." Appellee, Provident, responded by filing "Preliminary Objections," following which, the trial court without holding any hearing dismissed appellant's petition.

Appellant contends in this appeal that the trial court erred in dismissing the petition without a hearing. We agree.

Appellant does not dispute the fact that when he filed his petition on April 5, 1976, the normal appeal time had expired. He argues, however, that his petition collaterally attacking probate and the trial court's final adjudication and decree of distribution, was not subject to the ordinary appeal periods because the petition alleged fraud. The trial court considered the fraud argument but dismissed the petition nonetheless stating that "a mere allegation is not sufficient" and further stating "the charge of fraud is merely an unsupported declaration."

We agree with appellant that his petition alleging fraud was timely filed and we disagree with the trial court's conclusion that the petition contained "a nebulous claim of fraud."

Appellant's petition read as follows:

"The petition of Daniel Gallagher, respectfully represents that:

1. Your Petitioner resides at 70 Darby Road, Paoli, Chester County, Pennsylvania and is a brother of the decedent, Edward A. Gallagher.

2. Edward A. Gallagher died December 18, 1969 in Letterkenny County Donegal, Republic of Ireland having first made and published his handwritten last will and testament dated September 28, 1965 which was witnessed by two persons. A copy of said document with subsequent alterations, is attached hereto as Exhibit 'A'.

3. Thereafter, on September 15, 1972, Letters of Administration, C.T.A. were granted to Provident National Bank which presented with the Petition therefore an alleged 'fair copy' of the handwritten will of decedent.

4. The said 'fair copy' indicated the location of testator's signature at a place on the will different from that on the original handwritten will (see Exhibit 'A').

5. The original will, at the time it was executed, was signed at the end thereof but, subsequent to its execution, was altered by the addition of writing after the signature.

6. At the time said will was offered for probate, Provident National Bank knew, or should have known, that the 'fair copy' submitted did not accurately represent the handwritten will but, notwithstanding such knowledge, Provident fraudulently represented to the Register of Wills that the 'fair copy' of said will as prepared by Provident was a true copy of the will as executed when, in fact, the bequests set forth in the 'fair copy' were added to the will after it had been signed and witnessed.

7. As a result of fraudulently obtaining Letters of Administration, Provident illegally obtained possession of the assets of the Estate of Edward A. Gallagher resulting in a disposition of those assets to those not legally entitled.

8. On January 17, and May 6, 1974, Provident presented its First and Final Account for Audit and in continued reliance upon its 'fair copy', fraudulently represented to your Honorable Court that the decedent died testate with respect to all his property, that the will was properly executed and that the residuary estate was to be divided

equally among Hanneman Hospital, Jefferson Hospital, Temple University Hospital, University Hospital and Presbyterian Hospital of New York. The account of this estate was approved by the Court on the basis of a will substantially different from that submitted for probate by Provident and upon which letters were granted to Provident.

9. In the alternative, the probate of the will as aforesaid has resulted in a mistake on the part of the Court in the distribution of the residuary of the Estate of Edward A. Gallagher.

WHEREFORE, Petitioner asks that a Citation issue upon Provident National Bank to show cause why the audit should not be set aside, the Letters of Administration granted to Respondent revoked and the compensation paid to the Administrator returned."

It is true that a petition alleging fraud without specificity is insufficient. On the other hand, neither a petition nor any other pleading alleging fraud is required to contain in detail all of the evidence in advance of its development during a hearing. The above petition contains more than a mere allegation of fraud. The petition and the reasonable inferences contained therein allege that the appellee when it presented the handwritten document to the register also presented "fair copy" (typed copy) which was different from the original. The petition alleges that the original was not signed at the end thereof but the submitted "fair copy" indicated a signature at the end thereof. The petition further alleges that fraudulent representations were made to the trial court which resulted in the court's approval of the account on the basis of the "fair copy" which was different from the original.

These allegations are specific and are sufficient to allow the petition to successfully withstand the claim that it is "nebulous" or only contains "a mere allegation of fraud" or that the charge of fraud in the petition is "merely an unsupported declaration."

It may be that at a hearing appellant will be unable to convince the fact finder that fraud existed in the probate of the will or in the administration of the estate. This is not the issue now before us. Appellant is entitled to his day in court on the issue of fraud. From the record before us, there is no evidence concerning the practice of using a "copy fair." (The parties interchangeably use "copy fair" and "fair copy.") Although this Court was given some information during oral argument about the local practice, this cannot be a substitute for testimony taken under oath during a hearing. Moreover, the record is silent concerning the specific use made of the "copy fair." We do not know whether the probate records would reasonably alert a searcher. We do not know whether the trial court had before it the original will or only the typed copy. We do not know whether persons entitled to legal notice during the administration of the estate had any way of knowing that the original existed or that it was different from the typed copy. These matters are only illustrative of what we do not know from the record before us. Appellant is entitled to an opportunity to prove whether or not there was fraud.

Since appellant's petition contains a sufficient allegation of fraud, its consideration is not barred by the ordinary time limits for appeals. *See In re Estate of Bell,* 463 Pa. 109, 114, 343 A.2d 679, 681 (1975) ("[i]rrespective of the statute, the [orphans' court division of the Court of Common Pleas] possesses an inherent discretionary right, recognized at common law, to correct its own records and decrees in the interest of justice. . . . This would naturally include cases of . . . fraud.") *Osterling Estate,* 337 Pa. 225, 10 A.2d 17 (1940). See also, 20 Pa.C.S.A. § 3521 (five year review period during which court "shall give such relief as equity and justice shall require.")

The decree of the trial court dismissing appellant's petition is vacated and the matter is remanded for further proceedings consistent with this opinion.

O'BRIEN, J., did not participate in the consideration or decision of this case.

ROBERTS, J., filed a dissenting opinion in which EAGEN, C. J., joined.

ROBERTS, Justice, dissenting.

Today the majority, without cause and impermissibly acting as a factfinder, ignores the duly entered unappealed probate of decedent's will by the Philadelphia Register of Wills and finds that there was writing after the signature on the decedent's handwritten will form. Then, sub silentio, it introduces a new principle of fraud to overturn the decision of the Orphans' Court Division of the Philadelphia Court of Common Pleas on the basis of the majority's newly created rule. I must dissent.

Edward A. Gallagher died testate on December 18, 1969. Appellee, Provident National Bank (Provident), administrator c.t.a. of the Gallagher estate, proffered for probate to the Philadelphia Register of Wills both the decedent's will, which was handwritten on a printed will form, and a proposed "copy fair" of that instrument, prepared by Provident.[1] Appellant, Daniel Gallagher, is a beneficiary and legal heir of the decedent.

1. It is the statutory duty of the Register of Wills to determine which documents, and portions of documents, constitute a decedent's testamentary writing. 20 Pa.C.S.A. §§ 901 et seq.; *Rockett Will,* 348 Pa. 445, 35 A.2d 303 (1944). At argument, this Court was advised that in Philadelphia, it is the procedure of the Register of Wills to direct preparation of a copy of a handwritten testamentary instrument, which copy includes the writing which the Register deems constitutes decedent's will. Such a copy, adopted by the Register, is probated along with the handwritten instrument and, once admitted to probate, is called a "copy fair." The Register routinely requests a party offering a handwritten instrument for probate to submit a proposed "copy fair" of that instrument. See generally, Walsh, *Copy Fair & The Register of Wills,* 36 Temp.L.Q. 311 (1963), Aker, Pennsylvania Probate & Interpretation of Wills § 3.14A. Here, the administrator submitted its proposed "copy fair," to the Register at the time it offered the handwritten instrument for probate. Appellant had notice and the opportunity to challenge the probate and accounting at the trial and appellate levels, but did not do so until nearly one year after final distribution.

The register of wills issued letters of administration c.t.a. to Provident on September 15, 1972. Provident properly advertised the issuance of the letters on September 26, October 3, and October 10, 1972, in both the *Philadelphia Daily News* and *The Legal Intelligencer.* 20 Pa.C.S.A. § 3162. Thereafter, Provident filed a first and final account and a schedule of proposed distribution in compliance with Sup.Ct.O.C. Rule 6. By letter of November 19, 1974, appellant was given written notice of the December 2, 1974, audit of the account, and of appellant's interest under Provident's schedule of proposed distribution. On May 9, 1975, a nisi adjudication was entered by the Orphans' Court confirming Provident's account and directing distribution. Appellant filed no objections to Provident's account or proposed distributions and no exceptions were taken to the May 9, 1975 nisi adjudication. The adjudication became absolute, no appeal was taken, and distribution proceeded in accordance with the court's decree.

On April 5, 1976, eleven months after the unappealed decree became final, and after distribution, appellant filed a "Petition for Citation to Show Cause Why Audit Should Not be Set Aside and Letters of Administration Revoked." This petition was viewed by the Orphans' Court as a petition seeking a rehearing under 20 Pa.C.S.A. § 3521.[2] Appellee responded by filing "Preliminary Objections." In its opinion

2. Section 3521 now provides:
  "§ 3521. Rehearing; relief granted
  If any party in interest shall, within five years after the final confirmation of any account of a personal representative, file a petition to review any part of the account or of an auditor's report, or of the adjudication, or of any decree of distribution, setting forth specifically alleged errors therein, the court shall give such relief as equity and justice shall require: Provided, that no such review shall impose liability on the personal representative as to any property which was distributed by him in accordance with a decree of court before the filing of the petition. The court or master considering the petition may include in his adjudication or report findings of fact and of law as to the entire controversy, in pursuance of which a final order may be made."
  1972, June 30, P.L. 508, No. 164, § 2, eff. July 1, 1972. Section 3521 removes a previous statutory bar to a Section 3521 rehearing after distribution of the estate. See, Act of April 18, 1949, P.L. 512, art. VII, § 721.

sur petition and preliminary objections, the Orphans' Court concluded that the appeal was "a thinly veiled, collateral attack on the probate of the will and copy fair," and that, as such it was barred by the statute of limitations on appeals from probate. 20 Pa.C.S.A. §§ 908, 3133(b).[3] The Orphans' Court dismissed appellant's petition.

A party who has been given proper notice of all prior proceedings is not entitled to a Section 3521 rehearing. Compare *Bach Estate,* 426 Pa. 350, 231 A.2d 125 (1967) with *Stewart Estate,* 413 Pa. 190, 196 A.2d 330 (1964). Appellant argues that appellee's copy of the decedent's will so misconstrues the handwritten instrument, however, that its proposal for probate by appellee constituted a fraud against appellant from which appellant is entitled to equitable relief. See *Estate of Bell,* 463 Pa. 109, 343 A.2d 679 (1975); *Osterling Estate,* 337 Pa. 225, 10 A.2d 17 (1940). The majority, disregarding the time requirements, disagrees with the Philadelphia Register of Wills and affords appellant relief which is, as the Orphans' Court observed, a collateral attack on the May 9, 1975 probate.

Appellant's claim of fraud is based on his argument that decedent's signature on the handwritten instrument appears between the specific pecuniary bequests and the residuary clause and that therefore it could not have been mere error on the copy fair to show decedent's signature at the end of the instrument.[4]

"Fraud," as that term was used in the predecessor to § 3521, has been defined to mean "such fraud as operates to prevent the fiduciary or 'any person interested' from taking action within the . . . period to secure review of the account. . . . A plaintiff who charges fraud 'is not

---

3. Although Section 908 now provides for a one-year period in which one may file a timely appeal from a probate decree, the controlling statute at the time the probate decree was entered in the Gallagher estate, allowed two years for the filing of such an appeal.

4. The bulk of decedent's estate was bequeathed to five hospitals. Appellant received only 1 pound under decedent's will. Were the charitable gifts declared void, appellant, as a legal heir, would receive a substantially greater portion of decedent's estate.

only chargeable with what he knew but also with what he could have discovered [with] reasonable diligence.'" *Thorne's Estate,* 344 Pa. 503, 510, 25 A.2d 811, 815–6 (1942). "'Fraud' consists of any 'false representation of a matter of fact . . . by false or misleading allegations or by concealment of that which should have been disclosed which deceives or is intended to deceive . . . .'" *Baker v. Rangos,* 229 Pa.Super. 333, 348, 324 A.2d 498, 505 (1974). See also *Hamilton Estate,* 351 Pa. 419, 41 A.2d 567 (1945) (respondent's averment cannot constitute fraud where averment did not hinder or prevent petitioner from obtaining the information about the estate which she was at liberty to seek). Here, where the copy fair and the original will have been matters of public record and available to appellant since the 1972 probate, of which appellant had due notice, there can be no fraud.

Thus, to properly state a claim of fraud, appellant's petition must allege that in spite of his due diligence appellee's actions operated to preclude his taking any earlier action. Here, on the contrary, however, appellant admits, as he must, that he had notice of probate and hence that it was available for his inspection and review in 1972, four years prior to the filing of his rehearing petition. The alleged misconstrual of the copy fair was discoverable not only before audit and distribution, but also before the decree of probate became final and before the time for filing an appeal expired. Thus, no act of the appellee in any way hindered appellant from timely raising any claim.

To achieve finality and the timely, orderly and efficient administration of decedent's estate, our statutory and case law require adherence to the plain, well and long established rules of timeliness. The Court has held:

"It is the affirmative duty of all competent beneficiaries, upon receiving notice of the filing of an account, to make diligent inquiry concerning the fiduciary's conduct and management of the affairs of the estate. All beneficiaries are chargeable not only with such information as was known to them at the time of the audit but also with

what they could have discovered by exercising reasonable diligence."

*Mershon Estate,* 364 Pa. 549, 551, 73 A.2d 686, 687 (1950). Where, as here, appellant has had timely notice and every opportunity prior to distribution, to inspect the probate record in its entirety, and compare all the relevant documents, and to challenge both the decree of probate and the schedule of proposed distribution at both the trial and appellate levels, appellant's allegation of fraud cannot be sustained.

On this record there is no basis whatsoever on which to charge the Orphans' Court with an abuse of its discretion in denying a Section 3521 rehearing on this deficient allegation of "fraud." I would, contrary to the majority, affirm the decree of the Orphans' Court.

EAGEN, C. J., joins in this dissenting opinion.