529 A.2d 604

Lori Jin Kirsch *v.* Parking Authority of the City of New Castle, a Public Authority and Donald M. McNeil & Associates, John Y. Fujiwara, Goldfarb & Hecht, and V.S.L. Corporation. Parking Authority of the City of New Castle, Appellant.

Lori Jin Kirsch, Appellant *v.* Parking Authority of the City of New Castle, a Public Authority and Donald M. McNeil & Associates, John Y. Fujiwara, Goldfarb & Hecht, and V.S.L. Corporation, Appellees.

Argued May 18, 1987, before Judges MACPHAIL and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Donald E. Williams,* for appellant, Lori Jin Kirsch.

*Lawrence E. Kelly,* with him, *Charles W. Garbett* and *Larry M. Kelly, Luxenberg, Garbett & Kelly,* for appellant, Parking Authority.

*Peter J. Taylor, Murphy, Taylor & Adams, P.C.,* for appellee, Goldfarb & Hecht.

*William J. Templin, Miller & Templin,* for appellee, Donald M. McNeil.

*Joseph J. Bosick, Meyer, Darragh, Buckler, Bebenek & Eck,* for appellee, John Y. Fujiwara.

*Richard J. Parks,* with him, *Lee Montgomery,* for appellee, V.S.L. Corporation.

OPINION BY JUDGE MACPHAIL, August 6, 1987:

In the matter now before us, the Parking Authority of the City of New Castle (Authority) appeals from an order of the Court of Common Pleas of Lawrence County which denied the Authority's petition to join four additional defendants.[1] Lori Jin Kirsch (Plaintiff) cross-appeals from that part of the court's order which disallows certain testimony relative to the proof of her case. The appeals were transferred here from the Superior Court of Pennsylvania and have been consolidated for disposition.

The Plaintiff commenced a personal injury action in the trial court for damages relative to injuries she sustained on October 20, 1980 when she fell on the stairs of a parking garage operated and maintained by the Authority. The complaint was filed January 3, 1983. Paragraphs 8 and 9 of the complaint set forth the specific acts of negligence of which the Authority is accused.[2]

---

[1] Donald M. McNeil and Associates, John Y. Fujiwara, Goldfarb & Hecht, and V.S.L. Corporation.

[2] Paragraph 8 of the complaint reads as follows:

8. That by reason of the fall and precipitation of the plaintiff down said stairway and her colliding with the leading edges of said steps as aforesaid, which was wrought solely as a result and/or proximate result of the negligence and/or carelessness of the defendant in permitting the stairs to be constructed and opened to users in a dangerous, defective and improperly constructed condition, the plaintiff was caused to fall, trip and bounce as aforesaid, by reason of which she did sustain the injuries and damages hereinafter alleged.

As the case proceeded, the Authority served written interrogatories upon the Plaintiff. Interrogatory No. 27 requested the names of all experts to be called as witnesses at the time of trial. Interrogatory No. 28 requested the Plaintiff to state with specificity the nature of the defects set forth in paragraph 9 of the complaint, the standards or codes violated and how the defects caused the dangerous condition to exist. In response to Interrogatory No. 27, the Plaintiff set forth the names of three doctors and a contractor. There was no response to Interrogatory No. 28.

The case was subsequently listed for the January 27, 1986 Trial Term. On January 24, 1986, the Plaintiff delivered to the Authority a report of Thomas A. Oravecz, a professional engineer, which report attempt-

---

Paragraph 9 of the complaint reads as follows:

9. The negligence of the defendant, in addition to the aforesaid, which negligence was the proximate cause of the injuries and damages to the plaintiff, consisted of:

(a) Permitting the aforesaid steps and stairway to be constructed with a steel ridge extending from the topmost riser above the level of the street floor;

(b) Permitting the said stiarway [sic] to be used by the public and users of said premises while the said stairway continued in the condition of having said steel ridge above the top riser extend above the street floor level;

(c) In allowing said stairs and steps to be constructed and thereafter utilized by individuals in the circumstances of the plaintiff with a slick or rounded smooth steel edge on the tops of the risers of all steps below the top riser of said stairway;

(d) In constructing and intending to be used by the public the said stairway, constructed with an edge of steel on the top step or top riser, which would catch the foot of any user and particularly the plaintiff herein.

(e) In constructing said stairway and permitting the same to be used with differing construction on the edges of the steps, particularly the edge of the top most step and the street floor landing.

ed to set forth in detail the basis for Plaintiff's claim that the stairway in question was designed and constructed in a dangerous and defective manner. Upon receipt of that report, the Authority then secured the names of those persons involved in the design and construction of the stairway and filed a petition on February 17, 1986 with the trial court to have such persons added as defendants in the case.

## PETITION FOR JOINDER OF ADDITIONAL DEFENDANTS

Referring to Pa. R.C.P. No. 2253,[3] the trial court denied the Authority's petition to join additional defendants and in a statement in support of its order noted that more than three years had elapsed between the date the complaint was filed and the date the petition to join additional defendants was filed.

Whether there is cause shown for the allowance of additional time to join additional defendants is within the discretion of the trial court and that court's decision will not be reversed unless the reviewing court is convinced that that discretion has been abused. *Zakian v. Liljestrand,* 438 Pa. 249, 264 A.2d 638 (1970). The burden of demonstrating sufficient cause rests with the party seeking leave for the additional time. *Welch Foods, Inc. v. Bishopric Products Co.,* 254 Pa. Superior Ct. 256, 385 A.2d 1007 (1978). The length of the delay, however, is not in and of itself determinative of whether late joinder should be granted; rather, the length of the delay must be viewed in the context of the particular case. *Zakian.* Here, as we have noted, the trial court

---

[3] Pa. R.C.P. No. 2253 provides that unless the court *upon cause shown,* allows a late application to join additional defendants, such applications must be filed within 60 days of the service upon the original defendant of Plaintiff's initial pleading.

seemingly reached its conclusion based solely upon the length of the delay.

Our review of the petition of the Authority to the trial court for leave to join the additional defendants reveals that the Authority avers that on January 27, 1986, "the defendant was put on notice that the Plaintiff is alleging a dangerous, defective and improperly constructed/maintained stairway, which was the proximate cause of the Plaintiff's injuries." It readily will be observed that paragraph 8 of the Plaintiff's complaint[4] contains language almost identical to that set forth in the petition. We conclude that the Authority knew or should have known when the complaint was served on it, apart from Mr. Oravecz' report, that the Plaintiff's theory of liability was that the steps were improperly constructed and/or maintained. In construing the provisions of Pa. R.C.P. No. 2253, the courts will not grant relief to a party which has not acted expeditiously itself. *Zakian.*

The Authority also avers in its petition that *it* will be prejudiced if it is not permitted to join the parties it claims are responsible for the defective stairway. More properly, the issue is whether the proposed additional defendants will be prejudiced by the late joinder. *Kovalesky v. Esther Williams Swimming Pools,* 345 Pa. Superior Ct. 95, 497 A.2d 661 (1985). Those parties, of course, argue that they will be prejudiced pointing out that more than six years have elapsed since the Plaintiff's fall. The prejudice to the proposed additional defendants from that lapse of time is obvious. Records and witnesses may be missing or otherwise unavailable.

Viewing the lapse of time incurred by the Authority before it filed its petition in the context of the matter now before us including the Authority's extensive dis-

---

[4] *See supra* note 2.

covery proceedings, the allegations in the Plaintiff's complaint and the allegations in the Authority's petition for leave to join additional defendants, we conclude that the trial court's denial of that petition was not an abuse of discretion.

## SANCTION ORDER

The trial court also has ordered that Mr. Oravecz and his report be excluded from the trial because Plaintiff failed to list him as an expert witness in response to the Authority's interrogatory. In addition, the trial court, *sua sponte,* imposed a sanction upon the Plaintiff disallowing any testimony relating to matters which were the subject of the Authority's Interrogatory No. 28 and "specifically, no testimony will be permitted in regard to either a claim involving defective conditions or the defective construction of the stairwell in question."

Pa. R.C.P. No. 4019 provides that a court may, "on motion," make an appropriate order in the form of a sanction against a non-complying party where discovery proceedings have been initiated. Here, the trial court's order specifically states that it is imposing sanctions *sua sponte.*[5] The Plaintiff contends that the court's *sua*

---

[5] The Authority contends that it did make an oral motion for sanctions. The Authority refers in its brief to pages 47a-55a of the Reproduced Record (R.R.), Notes of Testimony (N.T.) from February 28, 1986 at 1-9. The record is confusing. In a discussion between the trial judge and counsel for the Authority, the judge inquired what the Authority would do if he denied the Authority's petition to join additional defendants. Counsel's response was that "at that time, the defendant would move for sanctions." N.T. at 1, R.R. 47a. At the conclusion of that discussion, however, the trial Judge said, "[i]f the defendants are not permitted to join the additional defendants, the Court, *then,* will consider the appropriate motions presented by the defendant relative to the sanction it seeks." N.T. at 7-8, R.R. at 53a-54a (emphasis added). We conclude

*sponte* sanction order is in clear violation of Rule 4019. We agree.

In 10 Goodrich-Amram 2d §4019(a):2.1 (1979), it is said that there can be no sanction except upon motion and order of the court because that procedure will bring both parties and their answers before the court. That interpretation seems correct, especially when we observe that under Rule 4019(i) it is provided that a court may exclude a witness whose identity has not been revealed *unless* the failure to disclose is due to extenuating circumstances beyond the control of the defaulting party. How could a court make a determination of that matter unless the defaulting party is given an opportunity to explain the *circumstances of the omission?*

We hold that the trial court's sanction order was in violation of Rule 4019 and we, therefore, will vacate it and remand the case to the trial court to permit the Authority, if it desires to do so, to make a proper motion upon which the court may then act in accordance with local rules pertaining to motion practice.[6] *See* 10 Goodrich-Amram 2d §4019(a):10 (1979).

---

that the record does not disclose that a motion for sanctions was presented to the Court for its disposition and this conclusion is supported by the trial judge's own statement that he was acting *sua sponte*.

[6] The issue of whether or not the trial court's sanction order is interlocutory also has been raised. Inasmuch as the order precludes the Plaintiff from offering testimony that defective conditions or defective construction of the stairwell were responsible for her injuries and the complaint indicates that this is virtually the sole basis of her claim, we conclude that the sanction order is final and appealable because it effectively precludes the Plaintiff from presenting her claim. *Marino Estate,* 440 Pa. 492, 494, 269 A.2d 645, 646 (1970); *Marshall v. Southeastern Pennsylvania Transportation Authority,* 76 Pa. Commonwealth Ct. 205, 463 A.2d 1215 (1983).

ORDER

The order of the Court of Common Pleas of Lawrence County denying the petition of the Parking Authority of the City of New Castle for leave to join additional defendants is affirmed. The order of that court imposing sanctions upon Lori Jin Kirsch is vacated and the case is remanded for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.