557 A.2d 1134

Joseph Spicer, Jr. et al. *v.* Western Montgomery County Vocational and Technical School, and Robert E. Little, Inc., Massey-Ferguson, Inc., and Dynamics Corporation of America. Western Montgomery County Vocational and Technical School, Appellant.

Argued December 16, 1988, before Judges DOYLE and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Joanne Steinke Faul,* with her, *James W. Hennessey, Sherr & Zuckerman, P.C.,* for appellant.

*Margaret E. Harvey, Thompson and Pennell,* for appellee, Dynamics Corporation of America.

OPINION BY JUDGE DOYLE, April 17, 1989:

Before us for consideration is an appeal by Defendant/Appellant Western Montgomery County Vocational

and Technical School (Vo-Tech) from an order of the Court of Common Pleas of Montgomery County sustaining the preliminary objections of Additional Defendant Dynamics Corporation of America (Dynamics) which contested Dynamics' joinder to the suit by Plaintiff Joseph Spicer, Jr., then a minor, and his parents (the Spicers). We affirm.

On June 3, 1985 the Spicers filed suit against Vo-Tech alleging personal injuries to the minor plaintiff which he sustained on October 23, 1984 when his pant leg and leg were caught in the chain mechanism of a grain elevator he was operating at school. The Spicers alleged that Vo-Tech was negligent, careless and reckless in failing to properly maintain the grain elevator and its component parts, in maintaining the grain elevator in an unsafe condition, in failing to warn of dangers in the use of the machinery and in failing to provide adequate safety devices. The parties engaged in discovery and on September 2, 1986, the Spicers sent Vo-Tech a report by Thomas A. Oravecz, P.E., indicating that the minor plaintiff's injuries resulted from the defective design and manufacture of the elevator and not from the alleged negligent maintenance of the machine. Thereafter, the Spicers agreed to Vo-Tech's request to join Dynamics, the manufacturer of the grain elevator, by stipulation on September 30, 1986. The stipulation was approved by the common pleas court on October 3, 1986, sixteen months after the Spicers filed their complaint against Vo-Tech. The Defendant's complaint was served on Dynamics on July 6, 1987.[1] Dynamics then filed preliminary objections to Vo-Tech's complaint alleging that Vo-Tech failed to show cause for the delay pursuant to Pa. R.C.P No. 2253 (Rule

---

[1] Massey-Ferguson, Inc. was also named as an additional defendant in the suit; however, it was "dismissed" from the suit by agreement of the parties and is thus not a party in the present appeal.

2253). By order of February 29, 1988, the common pleas court sustained Dynamics' preliminary objections and dismissed it from the suit. This appeal by Vo-Tech ensued.

The issue presented is whether the lower court abused its discretion in sustaining Dynamics' preliminary objections regarding its late joinder. Rule 2253 provides:

> Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof *unless such filing is allowed by the court upon cause shown*. (Emphasis added.)

The burden to demonstrate sufficient "cause" to allow an extension of time for joining an additional defendant rests with the defendant. *Kovalesky v. Esther Williams Swimming.Pools*, 345 Pa. Superior Ct. 95, 497 A.2d 661 (1985); *Welch Foods, Inc. v. Bishopric Products Co.*, 254 Pa. Superior Ct. 256, 385 A.2d 1007 (1978). And, it is within the discretion of the lower court to determine whether, pursuant to the above rule, the defendant has shown "cause" for late joinder of an additional defendant. *Zakian v. Liljestrand*, 438 Pa. 249, 264 A.2d 638 (1970). Only upon a showing of an abuse of discretion will the reviewing court reverse the trial court's decision. *Id.*

Vo-Tech makes several arguments in support of its view that the trial court should have permitted joinder in this instance. First, it argues that the Spicers' right to recover directly from the manufacturer has been denied by the trial court's decision. Second, it contends that the trial court erroneously shifted the burden of proving a defect in the machinery from the Spicers to it by holding that Vo-Tech had an implied duty itself to investigate the

cause of the minor plaintiff's injuries rather than wait for the report of the Spicers' expert. The trial court in this regard opined that Vo-Tech should have determined at an earlier date that it wanted to join Dynamics in the suit. Finally, Vo-Tech argues that the trial court abused its discretion by ignoring such factors as expediency, efficiency and benefits to the Spicers in denying the late joinder.

Addressing Vo-Tech's argument concerning the Spicers' rights, we find it to be improperly raised. It is inappropriate for one party to assert another party's rights as it lacks standing to do so. *Barasch v. Pennsylvania Public Utility Commission*, 119 Pa. Commonwealth Ct. 81, 94 n.7, 546 A.2d 1296, 1302, n.7 (1988).

Vo-Tech next argues that the lower court erroneously shifted the burden of proving a defect in the grain elevator machinery from the Spicers to it because the court opined that Vo-Tech should have procured the services of an expert itself and joined the manufacturer at an earlier date. However, we find that the trial court made no such determination on the alleged shifting burden of proof but merely commented, and quite appropriately in our view, that Vo-Tech "had a duty to investigate the circumstances of [Spicer's] injury. It had the same opportunity as [the Spicers] to determine if there was a design defect in the grain elevator and who was responsible for it." Vo-Tech asserts that if it had been able to join Dynamics, the burden of proving the defect in the machinery, in effect, would have been placed upon it. This is true, but quite proper in this instance. The Spicers' cause of action, and indeed their only theory against Vo-Tech, is negligent maintenance. For whatever reasons, they chose not to sue Dynamics or assert a manufacturer's defect theory, and, thus, needed to prove only the allegations in their complaint, *i.e.*, Vo-Tech's negligent maintenance. It is

*Vo-Tech* which, based upon the expert's report, now wishes to expand the litigation to demonstrate a manufacturer's defect. Thus, in this case, the theory of a manufacturer's defect is really asserted as a defense *only*. Vo-Tech, of course, bears the burden of proof with respect to any defenses it chooses to assert. And, it cannot force the theory of manufacturer's defect or its attendant proofs upon the Spicers.[2]

Vo-Tech further argues that the facts of the case *sub judice* are distinguishable from those facts found in cases cited by the trial court. It argues that in *Welch* and in *Kirsch v. Parking Authority of the City of New Castle,* 108 Pa. Commonwealth Ct. 259, 529 A.2d 604 (1987), *petition for allowance of appeal denied,* 517 Pa. 619, 538 A.2d 501 (1988), the defendants attempted joinder more than three years after the suits were filed, whereas here, Vo-Tech attempted to join Dynamics less than two years after the date of injury. We have held that length of delay in joining an additional defendant is not, in and of itself, determinative of whether or not joinder should be permitted; instead, the length of delay must be viewed in the context of the particular case. *Kirsch.* Additionally, in *Welch* the party seeking joinder had failed, as did Vo-Tech here, to perform an adequate and timely investigation of the matter. Vo-Tech also argues that *Riccobono v. Keystone Helicopter Corp.,* 352 Pa. Superior Ct. 186, 507 A.2d 834 (1986), relied upon by the trial court, is factually distinguishable. We believe, however, that reli-

---

[2] The Spicers alleged, *inter alia,* that Vo-Tech negligently *maintained* an elevator which was unsafe by virtue of the absence of necessary safety devices or guards. They *never* alleged a defect in manufacturing because safety devices were not installed or if installed were removable. This theory appears to have first been introduced in the Spicers' expert report and was understandably embraced by Vo-Tech. The Spicers never filed an amended complaint after receiving the expert's report.

ance on that case, which disallowed joinder where the party seeking it had not conducted an adequate investigation as to who was potentially liable, is appropriate. Thus, Vo-Tech draws legally irrelevant distinctions between the cases cited by the trial court and the case at bar.

Vo-Tech finally argues that the trial court abused its discretion in not considering such factors as expediency, efficiency and the benefits of joinder to the Spicers. The Supreme Court has set forth the following standards to be used in determining whether an extension of time for joinder should be permitted.

[Rule 2253] does not specify what is sufficient cause for an extension nor does it delineate the factors that the court should take into consideration when deliberating upon such a petition for extension. The court, therefore, should be guided by the objectives sought to be achieved by use of the additional defendant procedure in conjunction with the purpose for which a 60-day limitation was placed on its unrestricted use. In a capsule, these rules are an attempt to provide a means to simplify and expedite the disposition of matters involving numerous parties ... without subjecting the original plaintiff to unreasonable delay in the prosecution of his portion of the litigation.

*Zakian,* 438 Pa. at 255-56, 264 at 641 (citation omitted). In its opinion, the trial court did consider factors such as prejudice to the Spicers resulting from delay in joinder by Vo-Tech as well as the importance of ensuring expeditious resolutions of multi-party lawsuits.[3] Vo-Tech also

---

[3] Contrary to Vo-Tech's belief, the trial court did not need to consider whether the statute of limitations had run with respect to the additional defendant at the time joinder was first attempted. The rule does not require this.

contends that the trial court should have considered the benefit to the Spicers in permitting direct recovery against the manufacturer. While such a fact could have been considered, it is hardly dispositive of the matter. If the Spicers had wanted Dynamics named in the suit, they could have named it in the original or an amended complaint. Thus, we hold that the trial court committed no abuse of discretion.

Based on the foregoing opinion, we affirm the order of the trial court.

### ORDER

NOW, April 17, 1989, the order of the Court of Common Pleas of Montgomery County in the above captioned matter is hereby affirmed.

Judge COLINS dissents.