# Caterpillar Financial Commercial Account Corporation v. East Coast Paving & Seal Coating, Inc.

*Kelly M. Ariosto*, for plaintiff
*Jared Diciccio*, for defendants

PICCIONE, *J.*, August 7, 2013—Before this court for disposition is the plaintiff's preliminary objections to counterclaim (hereinafter the "preliminary objections"). This current action was commenced on July 30, 2012, when the plaintiff, Caterpillar Financial Commercial Account Corporation, formerly Cat Access Account Corporation (hereinafter, the "plaintiff"), filed the complaint against the defendants, East Coast Paving & Seal Coating Inc. (hereinafter, "defendant East Coast Paving"), and Barbara S. Hasson (hereinafter, "defendant Hasson") (hereinafter, collectively, the "defendants"). The complaint avers that the plaintiff had provided credit to defendant East Coast Paving to purchase goods, wares, and merchandise from Cleveland Brothers. The complaint also avers that defendant Hasson delivered a guaranty of payment to the plaintiff in order to induce the extension of credit to defendant East Coast Paving. The plaintiff

alleges that the defendants failed to make payment on the amount owed and, as a result, breached the contracts of the credit agreement and the guaranty of payment. Copies of the contracts signed by the parties are attached to the complaint.

On September 17, 2012, the defendants filed the answer, in which they deny owing the debt to the plaintiff. Instead, the defendants claim they were led to believe that the debt is owed directly to Cleveland Brothers. As such, the defendants filed the counterclaim against the plaintiff. The first two counts of the counterclaim allege fraud against the plaintiff claiming that the plaintiff perpetuated the belief that the debt was owed to Cleveland Brothers. Furthermore, the defendants claim that the plaintiff's agent, Mr. Tim Mallon (hereinafter, "Mallon"), told the defendants that the debt would be removed due to defects with the merchandise. The defendants assert that they relied on Mallon's statements. The defendants assert that because of this reliance, the defendants stopped making payments with the belief that they were no longer indebted to the plaintiff. The defendants' third count in the counterclaim is for declaratory judgment. In this claim, the defendants seek to have the court interpret the contracts to identify which entity the defendants are obligated to pay.

On April 1, 2013, the plaintiff filed the instant preliminary objections. The first preliminary objection is in the form of a demurrer, objecting to the first count of fraud alleged in the counterclaim. The first preliminary objection asserts that the first count of fraud is legally insufficient pursuant to Pa.R.C.P. 1028(a)(4). The second

preliminary objection is in the form of a demurrer. The plaintiff argues that the second count of fraud is legally insufficient under Rule 1028(a)(4). The third preliminary objection alleges that both the first and second counts of fraud are insufficiently pleaded pursuant to Pa.R.C.P. 1019(b). The final preliminary objection is in the form of a demurrer and claims that the request for declaratory judgment is legally insufficient pursuant to Rule 1028(a)(4).

On April 25, 2013, the court ordered oral argument on the matter and ordered both parties to submit briefs in support of their positions. The plaintiff had submitted its brief in support of its preliminary objections, on April 1, 2013. The defendants filed a brief on June 7, 2013. Oral argument was heard before this court on June 24, 2013.

The court begins its examination of the instant preliminary objections by considering the first two preliminary objections. Rule 1028(a)(4) of the Pennsylvania Rules of Civil Procedure provides that preliminary objections in the nature of a demurrer may be raised alleging that a claim is insufficient as a matter of law. Pa.R.C.P. 1028(a)(4). A preliminary objection in the nature of a demurrer is properly granted when the court finds, based on the complaint alone, that there are no legal grounds upon which the claim can stand. *Weiley v. Albert Einstein Med. Ctr.*, 51 A.3d 202, 208 (Pa. Super. 2012). When making this analysis, all statements made in the complaint are taken to be true. *Id.*

Pennsylvania is a fact pleading jurisdiction, which

requires a complaint to be sufficiently specific to permit the defendant notice to defend itself. *Youndt v. First Nat. Bank of Port Allegany*, 868 A.2d 539, 544 (Pa. Super. 2005) (citing *Sevin v. Kelshaw*, 611 A.2d 1232, 1235 (Pa. Super. 1992)). The complaint must also summarize the facts essential to support the claim. *Id.* Fraud must be pleaded with particularity. The pleadings must both "adequately explain the nature of the claim to the opposing party," and "be sufficient to convince the court that the averments [of fraud] are not merely subterfuge." *Id.*

In determining whether the allegation of fraud is pleaded with particularity, the court ought to consider each element of fraud and whether the claimant pleads each element specifically. *Id.* This does not necessarily mean that the claimant must show actual evidence to support the claim. *Maleski by Taylor v. DP Realty Trust*, 653 A.2d 54, 65 (Pa. Commw. Ct. 1994). The claimant must provide specific detail as to what facts were misrepresented, what misinformation was given, and how it was "tricked." *Dwyer v. Rothman*, 431 A.2d 1035, 1037 (Pa. Super. 1981).

The elements of fraud that the claimant must plead with particularity are as follows: "(1) a misrepresentation; (2) a fraudulent utterance; (3) an intention by the maker that the recipient will thereby be induced to act; (4) justifiable reliance by the recipient upon the misrepresentation; and (5) damage to the recipient as a proximate result." *Weiley v. Albert Einstein Med. Ctr.*, 51 A.3d 202, 208 (Pa. Super. 2012).

In the instant action, the defendants asserts, through

their counterclaim, two counts of fraud. In count one of the counterclaim, the defendants allege that the they were misled by the plaintiff into believing that Cleveland Brothers was extending the credit rather than the plaintiff.

As stated above, in order to maintain a claim for fraud, a claimant must first aver that there was a misrepresentation. *Id.* Upon review of the contract for credit, the court cannot find a misrepresentation. The contract for credit states on the first page, above the signature line, that the plaintiff may provide the credit. Defendant East Coast Paving signed this contract. In addition, the guaranty of payment, signed by defendant Hasson, states that the debt will be paid to the plaintiff if defendant East Coast Paving fails to pay.

The defendants have not alleged that they were "misled," as to the content of the contracts or "tricked," into signing the contracts. Although the defendants state that the contracts were made to mislead them, the language on the face of the contracts contradicts this claim. Parties are responsible for reading a contract that they sign. *T. W. Phillips Gas & Oil Co. v. Kline*, 84 A.2d 301, 302 (1951) (citing *Berardini v. Kay*, 192 A. 882 (1937); *Schoble v. Schoble*, 37 A.2d 604 (1944); *Silberman v. Crane*, 44 A.2d 598, 599 (Pa. Super. 1945)). Failure to read a contract does not give rise to a cause of action for fraud. *Id.* As such, the court cannot find that the plaintiff has misrepresented itself because the defendants failed to examine thoroughly the contracts that they signed. Because the defendant failed to satisfy this element, the court need not further analyze the sufficiency of the first count of fraud. Therefore, the

plaintiff's first preliminary objection to the counterclaim is hereby sustained.

The plaintiff, in its next two preliminary objections, argues that the second count of fraud is legally insufficient pursuant to Pa.R.C.P. 1028(a)(4). The defendants aver that Mallon told the defendants that the charges for the defective merchandise, totaling $20,020.00, would be "taken care of." The defendants claim that Mallon's promise was either fraudulent or made recklessly. When deciding preliminary objections, the court must accept the claims of the non-moving party to be true. Therefore, the court must consider whether the defendants' allegations satisfy the standard of pleading proscribed by Rule 1028(a)(4).

The first two elements that the defendant must allege to establish a claim for fraud are a misrepresentation and a fraudulent utterance. *Weily*, 51 A.3d at 208. The defendants allege that Mallon, as an agent of the plaintiff, made a misrepresentation to the defendants by informing them that the defendants' debt owed to the plaintiff would be removed from the account. Therefore, the defendants have specifically alleged a misrepresentation and a fraudulent utterance.

Next, the defendant must allege an intention by the maker that the recipient will be induced to act. *Id.* For the purposes of surviving a preliminary objection, the complaint must only aver that a material misrepresentation of fact was made and that the maker intended to make the misrepresentation. *Borelli v. Barthel*, 211 A.2d 11, 13

(Pa. Super. 1965). The defendants avers both factors in the counterclaim by alleging that Mallon told the defendants that Mallon would "take care of" the debt and that he said this fraudulently. Therefore, the third factor is sufficiently pleaded.

The defendants must also allege that they reasonably relied on the misrepresentation. *Weily*, 51 A.3d at 208. At several points in the answer, the defendants state that they stopped payment on the debt that they owed to the plaintiff due to Mallon's promise to "take care of" the debt. Stating this reliance is sufficient to satisfy the pleading standard for the fourth element of fraud.

Finally, the defendants must plead that damages resulted from their reliance on the misrepresentation. *Id.* The defendants state in the counterclaim that they have been damaged through having to defend a lawsuit and through the plaintiff's collection efforts, which has damaged the defendants' credit rating. Therefore, the final element is satisfied. As such, the defendants have sufficiently pleaded each element of a claim for fraud and the plaintiff's second preliminary objection to the counterclaim is hereby overruled.

The third preliminary objection objects to both count one and count two of the counterclaim, alleging that the defendants have not provided sufficient factual allegations to satisfy the pleading standard of Pa.R.C.P. 1019(b). Rule 1019(b) proscribes that parties must plead fraud with particularity. Pa.R.C.P. 1019(b). In order to satisfy this standard, an allegation of fraud does not need to contain

explicit detail of all of the evidence that the claimant plans to present at trial. *Estate of Gallagher*, 400 A.2d 1312, 1314 (1979). An allegation of fraud is sufficient when the claimant makes claims that specifically state the alleged act of fraud and are more than a mere declaration of fraud. *Id.*

In the case sub judice, the court need not examine count one as this count has already been dismissed as explained *supra*. Regarding count two, the court finds that the defendant has sufficiently pleaded this allegation of fraud as required to satisfy Rule 1019. The counterclaim specifically alleges the fraudulent act and the actors involved with the alleged fraud. The defendant does not merely state that fraud has occurred but illustrates the details of the fraud to the court. In the counterclaim, the defendants identify Tim Mallon as an agent of the plaintiff and explain that he informed them that the charges would be "taken care of," due to defects in the product. This is sufficiently specific to satisfy Rule 1019's requirements. As such, the plaintiff's third preliminary objection to the counterclaim is hereby overruled.

Count three of the counterclaim is for declaratory judgment. The defendants request this court to interpret the contracts between the plaintiff and defendants to determine whom the defendants are obligated to pay. In the fourth preliminary objection, the plaintiff argues that the defendants have failed to state a claim for declaratory judgment by failing to show actual controversy.

Declaratory judgment serves as "judicial searchlights

switched on at the behest of a litigant to illuminate an existing legal right, status or other relation." *Wagner v. Apollo Gas Co.*, 582 A.2d 364, 365 (Pa. Super. 1990) (quoting *Doe v. Johns-Manville Corp.*, 471 A.2d 1252, 1254 (Pa. Super. 1984)). Declaratory judgment actions are governed by Pennsylvania's Declaratory Judgments Act (hereinafter, the "Act"). 42 Pa.C.S.A. §§7531-7541. Specifically, the Act provides that:

> Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect and such declarations shall have the force and effect of a final judgment or decree.

42 Pa.C.S.A. §7532.

A party may seek a declaratory judgment in order to declare the legal rights, duties, or status of the parties to an action if such a declaration will assist in the determination of an actual controversy. *Warner v. Continental/CNA Ins. Cos.*, 688 A.2d 177, 180 (Pa. Super. 1996). Furthermore, "where there is a dispute between two parties to a contract as to their rights and obligations under that contract, an appropriate and adequate legal remedy is available under the [Act]." *York-Green Assocs. v. Bd. of Supervisors of South Hanover Twp., Dauphin County*, 486 A.2d 561, 564 (Pa. Cmwlth. Ct. 1985). A declaratory judgment action

may be used to determine the validity and enforceability of contractual provisions. *See Southeastern Pennsylvania Transp. Auth. v. Philadelphia Transp. Co.*, 24 A.2d 632, 633 (Pa. 1965). The Act also provides that a contract may be construed either before or after a breach has occurred. 42 Pa.C.S.A. §7534.

The remedy of declaratory judgment as provided by the Act is "additional and cumulative to all other remedies" and does not eliminate other forms of relief. 42 Pa.C.S.A. §7541(b). The Act also explains that "[w]here another remedy is available the election of the declaratory judgment remedy rather than another available remedy shall not affect the substantive rights of the parties[.]" *Id.*

In the instant case, there is a dispute between two parties to a contract. One party is seeking clarification of its rights and obligations under the contract that is the subject to the dispute. As such, the court finds that the defendants have stated a claim upon which declaratory judgment can be granted. Therefore, the plaintiff's fourth preliminary objection to the counterclaim is hereby overruled.

Based on the foregoing, the plaintiff's preliminary objections to the counterclaim are hereby sustained in part and overruled in part.

## ORDER OF COURT

And now, this 7th day of August, 2013, this matter being before the court on June 24, 2013, for oral argument regarding the plaintiff's preliminary objections to counterclaim with Kelly M. Ariosto, Esquire, appearing and representing the plaintiff, and Jared Diciccio, Esquire,

appearing and representing the defendants, and after a complete and thorough review of the arguments presented and submitted by counsel, the court orders and decrees as follows:

1. The plaintiff's first preliminary objection in the form of a demurrer to count one of the counterclaim for legal insufficiency pursuant to 1028(a)(4) is hereby sustained, pursuant to the attached opinion.

2. Count one as contained in the defendant's counterclaim is hereby dismissed, pursuant to the attached opinion.

3. The plaintiff's second preliminary objection in the form of a demurrer to count two of the counterclaim for legal insufficiency pursuant to 1028(a)(4) is hereby overruled, pursuant to the attached opinion.

4. The plaintiff's third preliminary objection in the form of a demurrer to count two of the counterclaim for legal insufficiency pursuant to 1019(b) is hereby overruled, pursuant to the attached opinion.

5. The plaintiff's fourth preliminary objection in the form of a demurrer to count three of the counterclaim for legal insufficiency pursuant to 1028(a)(4) is hereby overruled, pursuant to the attached opinion.

6. The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at his last known address as contained in the court's file.